UNITED STATES DISTRICT COURT
Southern District of Florida
West Palm Division

Case No: _____

NET TALK.COM, INC., a Florida
corporation,

    Plaintiff,

vs.

MAGICJACK VOCALTEC LTD., an
Israel limited partnership; MAGICJACK
LP, a Delaware limited partnership;
MAGICJACK HOLDINGS
CORPORATION f/k/a YMAX
HOLDINGS CORPORATION, a Delaware
corporation; and DANIEL BORISLOW, an
individual and citizen of the State of
Florida,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Net Talk.com, Inc. ("netTalk"), sues magicJack Vocaltec Ltd. ("magicJack"), Magicjack LP ("MJLP"), Magicjack Holdings Corporation f/k/a Ymax Holdings Corporation ("MJ Holdings")(magicJack, MJLP, and MJ Holdings may sometimes hereinafter be collectively referred to as the "Magic Jack Defendants"), and Daniel Borislow ("Borislow"), and states,

### Nature of the Case

1.    Voice over Internet Protocol ("VoIP") communications have become a popular option for consumers desiring to conduct telephony and facsimile communications. VoIP provides consumers with options that may be cheaper than traditional, landline based telephone carriers and exchanges. To access VoIP communications a consumer must connect to the Internet through, e.g., a specialized home telephone, use a computer or cellular phone based

'app', or purchase and utilize a device to connect a 'traditional' landline-based home telephone to the internet.

2. netTalk is the owner, via assignment, of United States Letters Patent Number 8,243,722 ("the '722 Patent"), which is directed to a VoIP analog telephone system. netTalk designs and sells to consumers portable devices used for practicing the system taught by the '722 Patent.

3. The Magic Jack Defendants infringe the '722 Patent by, *inter alia*, designing, making, or causing to be made, offering to sell, and selling within the United States, and/or importing into the United States, products that embody and/or practice at least one of the claims of the '722 Patent and that has no substantial non-infringing use. The Magic Jack Defendants and Borislow teach consumers how to use said products in a manner that infringes at least one claim of the '722 Patent.

4. Through this action, netTalk seeks to enforce its rights under the '722 Patent by putting a stop to the defendants' illegal conduct and seeking compensation for the violations that have occurred to date.

## The Parties

5. Plaintiff netTalk is a corporation organized and existing under the laws of the State of Florida. netTalk has a principal place of business at 1080 Northwest 163rd Drive, Miami, Florida 33169. netTalk is publicly traded on OTC markets under the ticker symbol 'NTLK'.

6. Defendant magicJack is a limited partnership organized and existing under the laws of the State of Israel. magicJack has a principal place of business at 12 Benny Gaon Street, Building 2B, Poleg Industrial Area, Netanya, Israel 42504. magicJack is publicly traded on the

NASDAQ Global Market under the ticker symbol 'CALL'.

7.      Defendant MJLP is a limited partnership organized and existing under the laws of the State of Delaware and authorized to do business in the State of Florida.  MJLP has a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405.  The general partner of MJLP is MJ Holdings.

8.      MJ Holdings is a corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Florida.  MJ Holdings has a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405.  MJ Holdings is the general partner of MJLP.

9.      Borislow is an individual and resident of the Town of Palm Beach, Palm Beach County, Florida with an address at 1045 South Ocean Boulevard, Palm Beach, Florida 33480.  Birslow is the self-proclaimed inventor of the magicJack and magicJack Plus devices, is actively involved in the promotion and sale of the devices that are used in the infringement of the '722 Patent, and is prominently featured on the website http://www.magicjack.com.

## Jurisdiction

10.     This action arises under the patent laws of the United States (Title 35, United States Code), as well as the laws of the State of Florida.

11.     This Court has subject matter jurisdiction under 15 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of congress relating to patents), 28 U.S.C. § 1338(b) (assertion of unfair competition joined with substantial and related claim under patent laws), and 28 U.S.C. § 1367 (supplemental jurisdiction) as the state law based claims brought herein are so related to the federal law causes of action brought herein that they form part of the same case or controversy.

12. This Court has personal jurisdiction over magicJack as it has committed and continues to commit acts of infringement in violation of 35 U.S.C. §§ 154(d) and 271, and places products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including the Southern District of Florida, that induce or contribute to the infringement of the '722 Patent, and because magicJack is actively availing itself of the benefits of this Court through, *inter alia*, *Magicjack Vocaltec Ltd v. Nettalk.com, Inc., Case No.: 9:12-cv-80360-MIDDLEBROOKS/BRANNON, Pending in the United States District Court for the Southern District of Florida.*

13. This Court has personal jurisdiction over MJLP and MJ Holdings because each of these entities has committed and continues to commit acts of infringement in violation of 35 U.S.C. §§ 154(d) and 271, and places products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including the Southern District of Florida, that induce or contribute to the infringement of the '722 Patent, and because MJLP and MJ Holdings have principal places of business, and actively engage in business activities, in the Southern District of Florida.

14. This Court has personal jurisdiction over Borislow as he is domiciled in the Southern District of Florida.

## Venue

15. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as three of the defendants (MJLP, MJ Holdings, and Borislow) are residents of this District and three of the defendants (magicJack, MJLP, and MJLP) transact business in this District.

## Background Facts

16. netTalk and the Magic Jack Defendants are competitors in the VoIP market. The

Magic Jack Defendants are all related companies and, upon information and belief, have a parent-subsidiary type relationship with each other.

17. The '722 Patent, entitled "VoIP analog telephone system" was issued on August 14, 2012. A copy of the '722 Patent is annexed as Exhibit 1. As printed on the face of the '722 Patent, netTalk is the owner of the '722 Patent by an assignment that was duly recorded with the United States Patent and Trademark Office ("USPTO"). Thus, netTalk owns all right, title, and interest to and in the '722 Patent, including the right to enforce the '722 Patent against infringers and collect damages for infringement.

18. The '722 Patent issued from United States Patent Application Number 12/366,851 ("the '851 Application"). The '851 Application was filed on February 6, 2009 and was published pursuant to 35 U.S.C. § 122(b) on June 4, 2009 as Publication Number US2009-0141708 ("the '851 Publication"). A copy of the '851 Publication is annexed as Exhibit 2.

19. magicJack, on its own or through its subsidiaries, manufactures, or causes to be manufactured, uses, sells or offers to sell, and/or imports into the United States a product known as the magicJack Plus. The magicJack Plus is used by end users to infringe one or more of the claims of the '722 Patent. The magicJack Plus is not a staple article or commodity of commerce suitable for substantial noninfringing use.

20. The Magic Jack Defendants teach end users of the magicJack Plus how to use that device to infringe one or more of the claims of the '722 Patent. More specifically, the instructions included with the magicJack Plus, as well as instructions provided on the website http://www.magicjack.com, teach end users of the magicJack Plus how to use that device to infringe one or more of the claims of the '722 Patent.

21. A review of the Whois database reveals that MJLP is the registrant of the domain

name magicjack.com, which hosts the website http://www.magicjack.com. Visitors to the http://www.magicjack.com website are provided with promotional materials for the magicJack Plus device, provide instructions on how to use the magicJack Plus device (including instructions on how to use the magicJack Plus device to infringe one or more of the claims of the '722 Patent), a Frequently Asked Questions database to assist users in using the magicJack Plus device to infringe one or more of the claims of the '722 Patent, and the ability to purchase a magicJack Plus device directly through the website.

22. MJ Holdings is the general partner of MJLP and is therefore individually liable for the acts of MJLP under Florida law.

23. Borislow is the CEO and a member of the Board of Directors of magicJack, and is the self-proclaimed inventor of the magicJack Plus. Borislow is active in the marketing and sale of the magicJack Plus device that induces users to infringe one or more of the claims of the '722 Patent. More specifically, Borislow, *inter alia*, is featured, along with his daughter and two dogs ('Magic' and 'Jack'), in a video on the http://www.magicjack.com website promoting the magicJack Plus device, uses the magicJack women's soccer team (which he owns), including the team's manager and world-famous soccer star Mary Abigail "Abby" Wambach, to promote the magicJack Plus device, and is listed as the man "[w]ho made talking on the phone so incredibly affordable[]"[1] by 'inventing' the magicJack Plus device, calling magicJack the "Telecom Revolution Part II." Upon information and belief, Borislow is a corporate officer that actively assists the Magic Jack Defendants in inducing and/or contributing to the infringement of one or more of the claims of the '722 Patent.

---

[1] Part of http://www.magicjack.com/faq/, last accessed Sept. 21, 2012.

## COUNT I
### (Infringement of U.S. Patent Number 8,243,722)

24. netTalk incorporates and realleges paragraphs 1 through 23 of this Complaint as if fully set forth at length herein.

25. netTalk owns all right, title, and interest in the '722 Patent, including the exclusive right to enforce the '722 Patent against infringers.

26. netTalk provided notice to magicJack and Borislow of the '722 Patent prior to the filing of this action. Additionally, the Magic Jack Defendants and Borislow have knowledge of the '722 Patent at least by the filing of this lawsuit. Upon information and belief, all defendants had or should have had knowledge of the '722 Patent prior to netTalk providing notice of the '722 Patent to magicJack and Borislow.

27. The Magic Jack Defendants and Borislow have been and are currently infringing at least one of the claims of the '722 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States, the magicJack Plus device. These actions violate 35 U.S.C. § 271 and, unless enjoined, the Magic Jack Defendants and Borislow will continue their activities.

28. The Magic Jack Defendants and Borislow have been and are currently actively inducing and encouraging infringement of at least one claim of the '722 Patent and will continue to do so unless enjoined. At least one claim of the '722 Patent is, has been, and will continue to be directly infringed within this District (and throughout the United States), by magicJack's customers using the magicJack Plus device. Defendants are actively inducing and encouraging that infringement by instructing their customers to use the magicJack Plus device in a manner that directly infringes one or more of the claims of the '722 Patent, despite the defendants' actual knowledge of the '722 Patent. This inducement and encouragement is done with specific intent

to induce or encourage infringement of at least one claim of the '722 Patent, or is, at a minimum, done with willful blindness to the known risk of such infringement, by, *inter alia*, instructing users of the magicJack Plus device to connect the device to their computers or directly to a router, modem, or other means of accessing the Internet, connecting their home phones to the device, and using the device to make and receive VoIP communications, all in violation of 35 U.S.C. § 271.

29.     The Magic Jack Defendants and Borislow have been and are currently contributing to the infringement of at least one of the claims of the '722 Patent. The defendants are doing this by selling and/or offering to sell within the United States, and/or importing into the United States, the magicJack Plus device. The magicJack Plus device is a material component of a VoIP analog telephone system, and embodies or practices one or more of the claims of the '722 Patent. The '722 Patent has been, and will continue to be, infringed within this District by magicJack's customers using the magicJack Plus device. Despite actual knowledge of the '722 Patent, defendants continue to sell, offer to sell, and import into the United States the offending device. Defendants have actual knowledge that the magicJack Plus is especially made or adapted for use in a VoIP analog telephone system that infringes one or more claims of the '722 Patent. These actions will continue unless defendants are enjoined from so acting. Defendants have actual knowledge that the magicJack Plus is not a staple article or commodity of commerce suitable for substantial noninfringing use. Therefore, these acts, actions, and activities violate 35 U.S.C. § 271.

30.     Additionally, the Magic Jack Defendants and Borislow have violated netTalk's provisional rights in the '722 Patent and the '851 Application. The '851 Application published on June 4, 2009. After June 4, 2009, the defendants made, used, offered for sale, or sold in the

United States the magicJack Plus device, which is used by magicJack's customers to infringe one or more claims of the '722 Patent and one or more claims of the '851 Application as published. The claims in the '722 Patent are substantially identical to the claims in the published '851 Application. The defendants had actual knowledge of the publication of the '851 Application. netTalk is therefore entitled to a reasonable royalty from defendants pursuant to 35 U.S.C. § 154.

31. Defendants' acts of infringement are willful. Defendants knew or should have known that the acts set forth above infringe the '722 Patent, but acted and continue to act in a same or similar manner despite the objectively high likelihood that these acts, actions, and activities would infringe one or more claims of the '722 Patent.

32. The Magic Jack Defendants and Borislow have profited substantially from their willful infringement. For example, magicJack's most recent Form 10-Q, filed August 8, 2012, indicates that magicJack generated over $34 million in revenues from the sale of the magicJack and magicJack Plus devices in the first half of this year alone (including user license renewals and other revenue streams generated directly or indirectly by the magicJack and magicJack Plus, total revenues were over $76 million). This projects, assuming no increase in sales, to $68 million in revenues from the sale of the magicJack and magicJack Plus devices, a number that, when trebled, exceeds $200 million. As a direct and proximate result of the acts, actions, and activities, alleged hereinabove, netTalk has suffered, and will continue to suffer, damages while defendants will continue to profit.

## PRAYER FOR RELIEF

WHEREFORE, netTalk prays for the following relief:

1. Entry of a judgment that the Magic Jack Defendants and Borislow infringed, directly, or contributorily, one or more claims of the '722 Patent;

2.      Entry of an order and judgment preliminarily and permanently enjoining the Magic Jack Defendants, and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns, and Borislow, from further acts of infringement of the '722 Patent;

3.      Entry of a judgment awarding netTalk all damages adequate to compensate for defendants' infringement of the '722 Patent, and in no event less than a reasonable royalty for defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, together with costs, and a finding that defendants' actions were willful, thereby trebling the damages awarded to netTalk pursuant to 35 U.S.C. § 284;

4.      An accounting of all damages sustained by netTalk as the result of defendants' infringement pursuant to 35 U.S.C. § 284;

5.      An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as this is an exceptional case;

6.      All costs of suit pursuant to 35 U.S.C. § 284; 28 U.S.C. § 1920, and all other applicable statutes; and

7.      Any and all other remedies to which netTalk may be entitled and which this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

netTalk demands a jury trial as to all matters triable to a jury, pursuant to Fed. R. Civ. P. 38.

Dated: September 21, 2012

SHUTTS & BOWEN LLP
Counsel for Plaintiff
Net Talk.com, Inc.
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Telephone: (561) 650-8518
Facsimile: (561) 822-5527

By: /s/ Daniel J. Barsky
John E. Johnson (admission pending)
Florida Bar No. 593000
jjohnson@shutts.com
Joseph R. Englander
Florida Bar No. 935565
jenglander@shutts.com
Daniel J. Barsky
Florida Bar No. 25713
dbarsky@shutts.com

FTLDOCS 6039837 2