UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81022-CIV-MIDDLEBROOKS/BRANNON

NET TALK.COM, INC.,
    Plaintiff,

vs.

MAGICJACK VOCALTEC LTD., *et al.*,
    Defendant.
_____/

## ORDER ON DEFENDANTS' MOTION TO STAY

THIS CAUSE comes before the Court upon Defendants' Motion to Stay this Action Pending Completion of the *Ex Parte* Reexamination of the Patent-in-Suit ("Motion") (DE 7), filed November 8, 2012. On November 26, 2012, Plaintiff filed a Response (DE 21) in opposition to the instant Motion, and Defendants filed a Reply (DE 30) on December 6, 2012. I have considered the Motion, Response, Reply, and record in this case, and am otherwise fully advised in the premises.

Plaintiff NetTalk.com, Inc. holds the rights to United States Patent No. 8,243,722 (the " '722 patent"), which involves a Voice over Internet Protocol analog telephone system. Plaintiff alleges that Defendants infringe on the '722 patent by designing, making, or causing to be made, offering to sell, and selling products that embody or practice at least one of the claims of the '722 patent. On November 14, 2012, the United States Patent & Trademark Office ("PTO") granted Defendant Daniel Borislow's request for an *ex parte* reexamination of claims 1 through 3 of the '722 patent on the grounds that recently submitted prior art references call into question the validity of the patent. Defendants request that the Court stay this case pending resolution of the reexamination proceeding currently pending before the PTO regarding the '722 patent.

Generally, "[c]ourts have inherent power to manage their dockets and stay proceedings,

including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F. 2d 1422, 1426-27 (Fed. Cir. 1988) (internal citation omitted). Despite this discretionary authority, several courts have noted that "the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Int'l v. Sharper Image, Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) (citing cases).[1]

In determining whether to stay litigation during the PTO's reexamination of the patent in question, district courts should consider three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the opposing party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether discovery is complete and whether a trial date has been set. *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008) (citing *Baxa Corp. v. ForHealth Technologies, Inc.*, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006)); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citations omitted). Applying these factors to the case at hand, I find that the majority of factors weigh in favor of a stay and that such a stay is appropriate.

Plaintiff argues that a stay will result in prejudice to Plaintiff because Defendants' alleged infringement on the '722 patent and "massive marketing campaign" of the allegedly infringing products will adversely affect Plaintiff's business through improper competition. (*See* DE 21 at 6). Plaintiff also argues that the Court should not grant a stay unless Defendants are bound by the outcome of the *ex parte* reexamination and estopped from making arguments that conflict with the

---

[1] Although orders staying litigation are inherently discretionary, stay orders must not be "immoderate" and "of an indefinite duration." *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F. 2d 1284, 1288 (11th Cir. 1982).

PTO's decision. (*See* DE 21 at 7-9).[2]

Defendants make several arguments in favor of staying the litigation. First, Defendants argue that a stay pending the reexamination will streamline the issues for trial – that is, if the PTO's decision does not render the litigation moot. Second, Defendants argue that a stay will not result in prejudice to Plaintiff and, conversely, that continuing the litigation during the reexamination would result in prejudice to Defendants. Last, Defendants note that this litigation is in its earliest stage, and the Parties agree that discovery has not yet commenced – a relevant factor in the Court's *Roblor* analysis.

After considering the factors listed above, the Court finds that a stay is appropriate. Weighing heaving in favor of a stay is the notion that the reexamination could simplify the issues in this case because whether the '722 patent is valid is certain to be very much at issue in trial. Further, if the Parties continue to litigate validity issues before this Court, and the PTO subsequently finds that some or all of the claims at issue here are invalid, much time and resources will have been wasted by the Court and Parties. Alternatively, if the PTO finds that the claims are indeed valid, the burden on the Court and the jury may be greatly lessened in addressing the invalidity issues, as "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F. 2d 1340, 1342 (Fed. Cir. 1983).

---

[2]In support of its argument, Plaintiff cites to *Roblor*, 633 F. Supp. 2d at 1345. (*See* DE 21 at 7). However, *Roblor* is distinguishable from the instant case because the *Roblor* parties had a voluntary stipulation to bar arguments based on prior printed publications that were considered in the PTO's reexamination and to specifically allow the defendants to rely on obviousness defenses based on prior art considered in the reexamination. *See Roblor*, 633 F. Supp. 2d at 1345. The Parties in this case have no such stipulation. Thus, if this case is reopened, Defendants should not be estopped from arguing the prior art references that the PTO considered but rejected in its reexamination. Further, Defendants should not be precluded from raising arguments rejected by the PTO because Defendants are not able to participate in the *ex parte* reexamination. *See* 37 C.F.R. § 1.550(g) (2012).

Moreover, these factors that favor staying this litigation outweigh any prejudice to Plaintiff that might result, and staying this litigation will save great judicial efforts and resources even in the event that the PTO finds the patent to be valid. As such, a temporary stay is appropriate, and the Court will revisit the matter in six months.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Stay (DE 7) is **GRANTED.** This case shall be **STAYED** until **June 14, 2013.**

It is further

**ORDERED AND ADJUDGED** that the Parties shall file with the Court a Status Report relating to the status of the PTO's reexamination of the '722 patent **on June 14, 2013**. At that time, Defendants may want to file a motion to continue the stay, and Plaintiff may want to file a motion to lift the stay. If the Parties agree, only one joint motion need be filed. Further, Plaintiff must notify the Court within **10 days** of any ruling or decision by the PTO or if at any time the reexamination of the '722 patent is complete.

Finally, it is

**ORDERED AND ADJUDGED** that all pending motions are **DENIED WITHOUT PREJUDICE** and the Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. This shall not prejudice the substantive rights of the Parties, and the Parties may refile the motions pending at this time when and if this case is reopened.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this __17__ day of December, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record