UNITED STATES DISTRICT COURT
Southern District of Florida
West Palm Division
Case Number: 9:12-81022-CIV-MIDDLEBROOKS/BRANNON

NET TALK.COM, INC., a Florida
corporation,

    Plaintiff,

vs.

MAGICJACK VOCALTEC LTD., an
Israel limited partnership; MAGICJACK
LP, a Delaware limited partnership;
MAGICJACK HOLDINGS
CORPORATION f/k/a YMAX
HOLDINGS CORPORATION, a Delaware
corporation; and DANIEL BORISLOW, an
individual and citizen of the State of
Florida,

    Defendants.
_____/

## JOINT MOTION TO CONTINUE PRETRIAL DEADLINES

Plaintiff, netTalk.com, Inc. ("netTalk"), and defendants, magicJack Vocaltec LTD, magicJack LP, magicJack Holdings Corporation f/k/a YMax Holdings Corporation, and Daniel Borislow (collectively "magicJack"), jointly move this Court to continue the pretrial deadlines, as well as the Conference/Calendar Call and Trial Period, set forth in the Order Reopening Case (D.E. 44), pursuant to S.D. Fla. L.R. 7.1

On February 5, 2014, this Court entered the Order Reopening Case (D.E. 44), setting dates for the Status Conference/Calendar Call, the Trial period, and all other pre-trial deadlines. The Court adopted the dates proposed by the parties in the Joint Proposal For Further Proceedings (D.E. 43)(the "Joint Proposal").

In the Joint Proposal, the Parties noted:

>As the Court is aware, the U.S. Patent & Trademark Office recently indicated it would allow reissuance of the '722 patent-in-suit, but as of this writing, the actual reissuance certificate has been sent for publication but has not yet issued. In expectation that the certificate will issue in the ordinary course, the parties propose the following timeline, which provides dates measured from February 17, 2014 (as "the Effective Date"). In the event that the reissue certificate is materially delayed beyond February 17, the parties shall inform the Court of the delay and may apply to the Court for modification of the schedule according to a different Effective Date based on the date of the actual reissuance.

D.E. 43 at p. 1 (footnote omitted).

As the first deadline ordered by D.E. 44 approached, counsel for Plaintiff contacted the United States Patent and Trademark Office ("USPTO") to inquire why the reexamination certificate had not yet issued. Counsel for Plaintiff was informed by the USPTO that the Office of Publications found an error in the transmittal forms sent by the patent examiner who handled the reexamination. The examiner resubmitted the corrected forms to the Office of Publications on February 10, 2014 and counsel for Plaintiff was advised the reexamination certificate should issue in early March. While this mistake is not expected to affect the language of the reexamination certificate – which is already a matter of public record – it will delay the issuance of the reexamination certificate and reexamination number, which presents a variety of procedural and administrative problems.

Therefore, the Parties are jointly moving that the Court continue the pretrial deadlines and adopt the following schedule, which is the same relative schedule proposed in D.E. 43 with dates measured from March 17, 2014, instead of February 17, 2014:

| Event | All Dates from Effective Date |
| --- | --- |
| Plaintiffs to file their Amended Complaint. | (Thursday, March 20, 2014) |

| | |
|---|---|
| Defendants answer, move or otherwise respond to the Amended Complaint (or Complaint, if no Amended Complaint is filed) | (Monday, April 7, 2014) |
| Joinder of Additional Parties and Amend Complaint. | (Tuesday, April 22, 2014) |
| Parties exchange patent claim terms for construction. | (Tuesday, May 13 2014) |
| The parties shall exchange "Proposed Claim Construction Statements" identifying (1) claim terms they believe the court must construe; (2) any contentions regarding specialized meaning to be given claim language; (3) a description of each element of the claim together with supporting specifications or material in the prosecution history; and (4) evidence, both intrinsic and extrinsic, that supports the parties' proposed constructions. The parties shall thereafter, and no later than [83rd day from Effective Date], meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. | (Tuesday, May 27, 2014)[1] |
| The parties shall file a "Joint Claim Construction Statement" identifying (1) the construction of the claims and terms to which the parties agree; (2) each parties' respective proposed construction of disputed claims and terms including all references and extrinsic evidence that the parties rely upon in support of such constructions; and (3) each parties' rebuttal to the proposed construction submitted by the opposing party. | (Monday, June 16, 2014) |
| Any motion for the scheduling of a Markman hearing limited to claim construction issues shall be filed. Such motion shall state, based on the remaining disputed claim terms and the complexity of the technology, why a hearing is | (Friday, June 20, 2014) |

---

[1] Deadline extended by one day due to the Memorial Day holiday.

| | |
|---|---|
| appropriate, and, if a hearing were set, what evidence would be presented to aid the Court in construing the disputed claims. If any party believes a Markman hearing is unnecessary, the party shall provide the reason to the Court. | |
| Plaintiff files opening claim construction brief. | (Tuesday, June 24, 2014) |
| Defendant files responsive claim construction brief. | (Tuesday, July 8, 2014)[2] |
| Plaintiff files reply claim construction brief. | (Tuesday, July 15, 2014) |
| Plaintiff shall provide opposing counsel with a written list with the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses listed shall be permitted to testify. Within the 14 day period Plaintiff shall make its experts available for deposition by Defendant. The experts' depositions may be conducted without further Court order. | (Friday, September 19, 2014) |
| Defendants shall provide opposing counsel with a written list with the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses listed shall be permitted to testify. Within the 14 day period following Defendants shall make its experts available for deposition by Plaintiff. The experts' depositions may be conducted without further Court order. | (Friday, October 3, 2014) |
| Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. | (Friday, October 17, 2014) |
| Parties shall furnish opposing counsel with expert reports or summaries of their expert witnesses' anticipated testimony in accordance | (Monday, November 3, 2014) |

---

[2] The Parties have mutually agreed to extend the response and reply dates to the initial claim construction brief by one week. This extension does not affect the trial date.

| | |
|---|---|
| with Fed. R. Civ. P. 26(a)(2). | |
| All discovery shall be completed. | (Wednesday, December 10, 2014) |
| All Pretrial Motions and Memoranda of Law shall be filed. | (Friday, January 9, 2015) |
| Joint Pretrial Stipulation shall be filed. Designation of deposition testimony shall be made. | (Monday, January 19, 2015) |
| Objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances. | (Wednesday, February 4, 2015) |
| Jury Instructions shall be filed. | (Wednesday, February 11, 2015) |
| Status Conference/Calendar Call | (Wednesday, February 18, 2015) |
| Trial | (Monday, February 23, 2015) |

WHEREFORE, the Parties respectfully request this Court modify the Order Reopening Case (D.E. 44) and enter a Pretrial Scheduling Order including the dates set forth above, and for such other and further relief as this Court deems appropriate.

| | |
|---|---|
| SHUTTS & BOWEN LLP<br>Counsel for Plaintiff<br>netTalk.com, Inc.<br>1100 CityPlace Tower<br>525 Okeechobee Boulevard<br>West Palm Beach, FL 33401<br>Telephone: (561) 650-8518<br>Facsimile: (561) 822-5527<br><br>By:   /s/ Daniel J. Barsky<br>     Joseph R. Englander<br>     Florida Bar No. 935565<br>     Daniel J. Barsky<br>     Florida Bar No. 25713 | Respectfully submitted,<br><br>s/ Janet T. Munn<br>Janet T. Munn, Fla. Bar No. 501281<br>Email: jmunn@rascoklock.com<br>RASCO KLOCK REININGER PEREZ<br>ESQUENAZI VIGIL & NIETO<br>283 Catalonia Avenue, Suite 200<br>Coral Gables, FL 33134<br>Ph:305.476.7101; Fax: 305.476.7102<br>AND<br><br>s/ Darryl M. Woo<br>Darryl M. Woo*<br>Email:dwoo@fenwick.com<br>Virginia K. DeMarchi*<br>Email: vdemarchi@fenwick.com<br>Elizabeth J. White*<br>Email: bwhite@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Ph: 415.875.2300; Fax: 415.281.1350<br>*Admitted Pro Hac Vice<br><br>*Attorneys for Defendants*<br><br>MAGICJACK VOCALTEC LTD.,<br>MAGICJACK LP, MAGICJACK<br>HOLDINGS CORPORATION<br>and DANIEL BORISLOW |