UNITED STATES DISTRICT COURT
Southern District of Florida
West Palm Division
Case No: 9:12-cv-81022-MIDDLEBROOKS/BRANNON

NET TALK.COM, INC., a Florida
corporation,

    Plaintiff,

vs.

MAGICJACK VOCALTEC LTD., an
Israel limited partnership; MAGICJACK
LP, a Delaware limited partnership;
MAGICJACK HOLDINGS
CORPORATION f/k/a YMAX
HOLDINGS CORPORATION, a Delaware
corporation; and DANIEL BORISLOW, an
individual and citizen of the State of
Florida,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Net Talk.com, Inc. ("netTalk"), sues magicJack Vocaltec Ltd. ("magicJack"), Magicjack LP ("MJLP"), Magicjack Holdings Corporation f/k/a Ymax Holdings Corporation ("MJ Holdings")(magicJack, MJLP, and MJ Holdings may sometimes hereinafter be collectively referred to as the "Magic Jack Defendants"), and Daniel Borislow ("Borislow"), and states,

### Nature of the Case

1. Voice over Internet Protocol ("VoIP") communications have become a popular option for consumers desiring to conduct telephony and facsimile communications. VoIP provides consumers with options that may be cheaper than traditional, landline based telephone carriers and exchanges. To access VoIP communications a consumer must connect to the Internet through, e.g., a specialized home telephone, a computer or cellular phone based 'app', or

purchase and utilize a device to connect a 'traditional' landline-based home telephone (also known as a 'POTS' telephone) to the internet.

2. netTalk is the owner, via assignment, of United States Letters Patent Number 8,243,722 ("the '722 Patent"), which is directed to a VoIP analog telephone system. A copy of the '722 Patent is attached hereto as Exhibit 1. netTalk designs, and sells to consumers, portable devices used for practicing the system taught by the '722 Patent.

3. The '722 Patent was subject to *Ex Parte* Reexamination, proceeding number 90/012,634 (the "Reexamination Proceeding").

4. The Reexamination Proceeding was initiated by Borislow, who therefore received copies of all papers and correspondence filed during the Reexamination Proceeding. Upon information and belief, the Magic Jack Defendants also received copies of all papers and correspondence filed during the Reexamination Proceeding either through Borislow or through their counsel, who also represents Borislow and were the attorneys that filed the request for *ex parte* reexamination of the '722 Patent with the United States Patent and Trademark Office ("USPTO").

5. On February 27, 2014, the USPTO issued Reexamination Certificate Number 10062nd for the '722 Patent (the "Reexamination Certificate"). A copy of the Reexamination Certificate is attached hereto as Exhibit 2. netTalk is the owner of the Reexamination Certificate.

6. The claims of the '722 Patent were not substantively changed during the Reexamination Proceeding. No claims were cancelled or added to the '722 Patent during the Reexamination Proceeding.

7. The Magic Jack Defendants infringed the '722 Patent, and infringe the

Reexamination Certificate, by, *inter alia*, designing, making, or causing to be made, offering to sell, and selling within the United States, and/or importing into the United States, products that embody and/or practice at least one of the claims of the '722 Patent and the Reexamination Certificate, and that have no substantial non-infringing use. The Magic Jack Defendants and Borislow teach consumers how to use said products in a manner that infringes at least one claim of the '722 Patent and at least one claim of the Reexamination Certificate.

8.Through this action, netTalk seeks to enforce its rights under the '722 Patent and the Reexamination Certificate by stopping the defendants' illegal conduct and seeking compensation for the violations that have occurred to date.

### The Parties

9.Plaintiff, netTalk, is a corporation organized and existing under the laws of the State of Florida. netTalk has a principal place of business at 1080 Northwest 163rd Drive, Miami, Florida 33169. netTalk is publicly traded on OTC markets under the ticker symbol 'NTLK'.

10.Defendant magicJack is a limited partnership organized and existing under the laws of the State of Israel. magicJack has a principal place of business at 12 Benny Gaon Street, Building 2B, Poleg Industrial Area, Netanya, Israel 42504. magicJack is publicly traded on the NASDAQ Global Market under the ticker symbol 'CALL'.

11.Defendant MJLP is a limited partnership organized and existing under the laws of the State of Delaware and authorized to do business in the State of Florida. MJLP has a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405. The general partner of MJLP is MJ Holdings.

12.Defendant MJ Holdings is a corporation organized and existing under the laws of

the State of Delaware and authorized to do business in the State of Florida. MJ Holdings has a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405. MJ Holdings is the general partner of MJLP.

13. Borislow is an individual and resident of the Town of Palm Beach, Palm Beach County, Florida with an address at 1045 South Ocean Boulevard, Palm Beach, Florida 33480. Birslow is the self-proclaimed inventor of the magicJack and magicJack PLUS devices. Borislow was actively involved in the promotion and sale of the devices that are used in the infringement of the '722 Patent and the Reexamination Certificate. Moreover, until approximately February 2014, Borislow was prominently featured on the website http://www.magicjack.com and in various advertisements for the magicJack and magicJack PLUS devices. Upon information and belief, Borislow was a corporate officer and director of at least magicJack prior to November 2013. Borislow is still listed as the CEO on the YMax Corporation website, http://www.ymaxcorp.com/management.html.

## Jurisdiction

14. This action arises under the patent laws of the United States (Title 35, United States Code), as well as the laws of the State of Florida.

15. This Court has subject matter jurisdiction under 15 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of congress relating to patents), 28 U.S.C. § 1338(b) (assertion of unfair competition joined with substantial and related claim under patent laws), and 28 U.S.C. § 1367 (supplemental jurisdiction) as the state law based claims brought herein are so related to the federal law causes of action brought herein that they form part of the same case or controversy.

16. This Court has personal jurisdiction over magicJack as it has committed and

FTLDOCS 6468461 2 36798.0003

continues to commit acts of infringement in violation of 35 U.S.C. §§ 154(d) and 271, and places products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including the Southern District of Florida, that induce or contribute to the infringement of the '722 Patent and the Reexamination Certificate. Upon information and belief, magicJack operates a warehouse in West Palm Beach, Florida from which it distributes the infringing products.

17. This Court has personal jurisdiction over MJLP and MJ Holdings because each of these entities has committed and continues to commit acts of infringement in violation of 35 U.S.C. §§ 154(d) and 271, and places products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including the Southern District of Florida, that induce or contribute to the infringement of the '722 Patent and the Reexamination Certificate, and because MJLP and MJ Holdings have principal places of business, and actively engage in business activities, in the Southern District of Florida.

18. This Court has personal jurisdiction over Borislow as he is domiciled in the Southern District of Florida.

## Venue

19. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as three of the defendants (MJLP, MJ Holdings, and Borislow) are residents of this District and three of the defendants (magicJack, MJLP, and MJLP) transact business in this District.

## Background Facts

20. netTalk and the Magic Jack Defendants are competitors in the VoIP market. The Magic Jack Defendants are all related companies and, upon information and belief, have a parent-subsidiary relationship with each other.

21. The '722 Patent, entitled "VoIP analog telephone system" was issued on August 14, 2012. As printed on the face of the '722 Patent, netTalk is the owner of the '722 Patent by an assignment that was duly recorded with the USPTO. Thus, netTalk owns all right, title, and interest to and in the '722 Patent, including the right to enforce the '722 Patent against infringers and collect damages for infringement.

22. The '722 Patent issued from United States Patent Application Number 12/366,851 ("the '851 Application"). The '851 Application was filed on February 6, 2009 and was published pursuant to 35 U.S.C. § 122(b) on June 4, 2009 as Publication Number US2009-0141708 ("the '851 Publication"). A copy of the '851 Publication is attached hereto as Exhibit 3.

23. On or about September 14, 2012, Borislow requested the USPTO initiate an *Ex Parte* Reexamination of the '722 Patent. The USPTO granted that request, placing the '722 Patent into reexamination. All claims of the '722 Patent were ultimately allowed, without substantive changes, by the USPTO, and the Reexamination Certificate was issued. Because he was the requesting party, Borislow received copies of all papers and correspondence filed in the Reexamination Proceeding. Upon information and belief, the Magic Jack Defendants also received copies of all papers and correspondence filed in the Reexamination Proceeding through Borislow, through their common counsel, or both.

24. magicJack, on its own or through its subsidiaries, manufactures, or causes to be manufactured, uses, sells or offers to sell, and/or imports into the United States a product known as the magicJack PLUS. The magicJack PLUS is used by end users to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate. The magicJack PLUS is not a staple article or commodity of commerce suitable for substantial noninfringing use.

FTLDOCS 6468461 2 36798.0003

25. One or more of the Magic Jack Defendants teach end users of the magicJack PLUS how to use that device to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate. More specifically, the instructions included with the magicJack PLUS, as well as instructions provided on the website http://www.magicjack.com, teach end users of the magicJack PLUS how to use that device to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate.

26. Additionally, upon information and belief, one or more of the Magic Jack Defendants have advertised for sale a device known as the magicJack PLUS 2014, and may have sold into the stream of commerce one or more of the devices known as the magicJack PLUS 2014. Upon information and belief, one or more of the Magic Jack Defendants teach end users of the magicJack PLUS 2014 how to use that device to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate. More specifically, the instructions included with the magicJack PLUS 2014 teach end users of the magicJack PLUS 2014 how to use that device to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate.

27. A review of the Whois database reveals that MJLP is the registrant of the domain name magicjack.com, which hosts the website http://www.magicjack.com. Visitors to the http://www.magicjack.com website are provided with promotional materials for the magicJack PLUS device, provide instructions on how to use the magicJack PLUS device (including instructions on how to use the magicJack PLUS device to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate), a Frequently Asked Questions database to assist users in using the magicJack PLUS device to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate, and the ability to purchase a magicJack PLUS device directly through the website.

28. MJ Holdings is the general partner of MJLP and is therefore individually liable for the acts of MJLP under Florida law.

29. Borislow is the self-proclaimed inventor of the magicJack and magicJack PLUS. Upon information and belief, Borislow was, at various times, the CEO and/or a member of Board of Directors of magicJack, until approximately November 2013. Borislow is still listed as the CEO of YMax Corporation on their corporate website. Borislow was active in the marketing and sale of the magicJack PLUS device that induces users to infringe one or more of the claims of the '722 Patent and the Reexamination Certificate.

30. More specifically, Borislow, *inter alia*, was featured, along with his daughter and two dogs ('Magic' and 'Jack'), in a video on the http://www.magicjack.com website promoting the magicJack PLUS device, uses the magicJack women's soccer team (which he owns), including the team's manager and world-famous soccer star Mary Abigail "Abby" Wambach, to promote the magicJack PLUS device, and was listed as the man "[w]ho made talking on the phone so incredibly affordable[]"[1] by 'inventing' the magicJack PLUS device, calling magicJack the "Telecom Revolution Part II."

31. Borislow personally offered the magicJack PLUS device for sale, in emails that stated, in part:

> I am offering my newest invention, the magicJack PLUS at half price, only to our existing customers. This will be the last discount ever offered again. Most of you will want the option to continue using the magicJack as you have (with a computer) or now just plug [sic] into the wall and internet (without the computer)!! it's [sic] your choice and so easy to use as always. The new magicJack PLUS is the same size as the old one, and it is basically a computer/system on a chip. Our chip developer Dr.YW Sing [sic] really outdid himself this time.

---

[1] Part of http://www.magicjack.com/faq/, last accessed Sept. 21, 2012.

-8-

>     \* \* \*
>
>     The reviews for the magicJack PLUS by bloggers and reporters have been so positive. It makes me very proud for them to rave about the call quality and ease of use.
>
>     Thanks for being a great customer.
>
>     Dan Borislow
>     CEO magicJack, Inventor and Founder

A copy of an example of one of these advertisements is attached hereto as Exhibit 4. Upon information and belief, during his time as a corporate officer, Borislow actively assisted the Magic Jack Defendants in inducing and/or contributing to the infringement of one or more of the claims of the '722 Patent and the Reexamination Certificate.

## COUNT I
### (Infringement of U.S. Patent Number 8,243,722 and Reexamination Certificate)

32. netTalk incorporates and realleges paragraphs 1 through 31 of this Complaint as if fully set forth at length herein.

33. netTalk owns all right, title, and interest in the '722 Patent, including the exclusive right to enforce the '722 Patent against infringers.

34. netTalk owns all right, title, and interest in the Reexamination Certificate, including the exclusive right to enforce the Reexamination Certificate against infringers.

35. netTalk provided notice to magicJack and Borislow of the '722 Patent prior to the filing of this action. Additionally, the Magic Jack Defendants and Borislow have knowledge of the '722 Patent at least by the filing of this lawsuit. Upon information and belief, all defendants had or should have had knowledge of the '722 Patent prior to netTalk providing notice of the '722 Patent to magicJack and Borislow.

36. Moreover, all defendants had notice of the Reexamination Proceeding during the pendency thereof. All defendants had knowledge of the claims of the '722 Patent as they were

minimally amended during the Reexamination Proceeding, resulting in the issuance of the Reexamination Certificate.

37. The Magic Jack Defendants and Borislow have been infringing at least one of the claims of the '722 Patent and the Reexamination Certificate by using, selling and/or offering to sell in the United States, and/or importing into the United States, the magicJack PLUS device. Those actions violated 35 U.S.C. § 271.

38. Upon information and belief, the Magic Jack Defendants and Borislow have been infringing at least one of the claims of the '722 Patent and the Reexamination Certificate by using, selling and/or offering to sell in the United States, and/or importing into the United States, the magicJack PLUS 2014 device. Those actions violated 35 U.S.C. § 271.

39. Upon information and belief, The Magic Jack Defendants and Borislow are presently infringing at least one of the claims of the Reexamination Certificate by using, selling and/or offering to sell in the United States, and/or importing into the United States, the magicJack PLUS device. Those actions violate 35 U.S.C. § 271.and, upon information and belief, unless enjoined, the Magic Jack Defendants and Borislow will continue their activities.

40. Upon information and belief, The Magic Jack Defendants and Borislow are presently infringing at least one of the claims of the Reexamination Certificate by using, selling and/or offering to sell in the United States, and/or importing into the United States, the magicJack PLUS 2014 device. Those actions violate 35 U.S.C. § 271.and, upon information and belief, unless enjoined, the Magic Jack Defendants and Borislow will continue their activities.

41. The Magic Jack Defendants and Borislow had been actively inducing and encouraging infringement of at least one claim of the '722 Patent. Moreover, upon information and belief, the Magic Jack Defendants and Borislow are still actively inducing and encouraging

infringement of at least one claim of the Reexamination Certificate, and will continue to do so unless enjoined.

42. At least one claim of the '722 Patent and the Reexamination Certificate is, has been, and will continue to be directly infringed within this District (and throughout the United States), by magicJack's customers using the magicJack PLUS device and/or the magicJack PLUS 2014 device. Defendants have been and are actively inducing and encouraging that infringement by instructing their customers to use the magicJack PLUS device and/or the magicJack PLUS 2014 device in a manner that directly infringes one or more of the claims of the '722 Patent and the Reexamination Certificate, despite the defendants' actual knowledge of the '722 Patent and the Reexamination Certificate. This inducement and encouragement was and is done with specific intent to induce or encourage infringement of at least one claim of the '722 Patent and the Reexamination Certificate, or is, at a minimum, done with willful blindness to the known risk of such infringement, by, *inter alia*, instructing users of the magsicJack PLUS device and/or the magicJack PLUS 2014 device to connect the device to their computers or directly to a router, modem, or other means of accessing the Internet, connecting their home phones to the device, and using the device to make and receive VoIP communications, all in violation of 35 U.S.C. § 271.

43. The Magic Jack Defendants and Borislow have been and are currently contributing to the infringement of at least one of the claims of the '722 Patent and the Reexamination Certificate. The defendants are doing this by selling and/or offering to sell within the United States, and/or importing into the United States, the magicJack PLUS device and/or the magicJack PLUS 2014 device. The magicJack PLUS device and the magicJack PLUS 2014 device are each, individually, material components of a VoIP analog telephone system, and

embody or practice one or more of the claims of the '722 Patent and Reexamination Certificate.

44.     The '722 Patent and Reexamination Certificate have been, and will continue to be, infringed within this District by individuals using the magicJack PLUS device and/or the magicJack PLUS 2014 device. Despite actual knowledge of the '722 Patent and the Reexamination Certificate, defendants continue to sell, offer to sell, and import into the United States the offending devices. Defendants have actual knowledge that the magicJack PLUS and magicJack PLUS 2014 are especially made or adapted for use in a VoIP analog telephone system that infringes one or more claims of the '722 Patent and Reexamination Certificate. These actions will continue unless defendants are enjoined from so acting. Defendants have actual knowledge that the magicJack PLUS and magicJack PLUS 2014 are not a staple articles or commodities of commerce suitable for substantial noninfringing use. Therefore, these acts, actions, and activities violate 35 U.S.C. § 271.

45.     Additionally, the Magic Jack Defendants and Borislow have violated netTalk's provisional rights in the Reexamination Certificate, the '722 Patent, and the '851 Application. The '851 Application published on June 4, 2009. After June 4, 2009, the defendants made, used, offered for sale, or sold in the United States the magicJack PLUS device, which is used by magicJack's customers to infringe one or more claims of the Reexamination Certificate, one or more claims of the '722 Patent, and one or more claims of the '851 Application as published. The claims in the Reexamination Certificate were not substantively changed from the claims in the '722 Patent, which are, themselves substantially identical to the claims in the published '851 Application. The defendants had actual knowledge of the publication of the '851 Application as well as the issuance of the '722 Patent and the Reexamination Proceeding, including all papers and correspondence filed in the Reexamination Proceeding. netTalk is therefore entitled to a

reasonable royalty from defendants pursuant to 35 U.S.C. § 154.

46.     Defendants' acts of infringement are willful. Defendants knew or should have known that the acts set forth above infringe the '722 Patent and the Reexamination Certificate, but acted and continue to act in a same or similar manner despite the objectively high likelihood that these acts, actions, and activities would infringe one or more claims of the '722 Patent and the Reexamination Certificate.

47.     The Magic Jack Defendants and Borislow have profited substantially from their willful infringement. As a direct and proximate result of the acts, actions, and activities, alleged hereinabove, netTalk has suffered, and will continue to suffer, damages while defendants will continue to profit.

## PRAYER FOR RELIEF

WHEREFORE, netTalk prays for the following relief:

1.      Entry of a judgment that the Magic Jack Defendants and Borislow infringed, directly, or contributorily, one or more claims of the '722 Patent and the Reexamination Certificate;

2.      Entry of an order and judgment preliminarily and permanently enjoining the Magic Jack Defendants, and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns, and Borislow, from further acts of infringement of the '722 Patent and Reexamination Certificate;

3.      Entry of a judgment awarding netTalk all damages adequate to compensate for defendants' infringement of the '722 Patent and Reexamination Certificate, and in no event less than a reasonable royalty for defendants' acts of infringement, including all pre-judgment and

post-judgment interest at the maximum rate permitted by law, together with costs, and a finding that defendants' actions were willful, thereby trebling the damages awarded to netTalk pursuant to 35 U.S.C. § 284;

4. An accounting of all damages sustained by netTalk as the result of defendants' infringement pursuant to 35 U.S.C. § 284;

5. An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as this is an exceptional case;

6. All costs of suit pursuant to 35 U.S.C. § 284; 28 U.S.C. § 1920, and all other applicable statutes; and

7. Any and all other remedies to which netTalk may be entitled and which this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

netTalk demands a jury trial as to all matters triable to a jury, pursuant to Fed. R. Civ. P. 38.

Dated: March __20__, 2014

SHUTTS & BOWEN LLP
*Counsel for Plaintiff*
Net Talk.com, Inc.
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Telephone: (561) 650-8518
Facsimile: (561) 822-5527


By: ___/s/ Daniel J. Barsky___
Eric C. Christu
Florida Bar No. 434647
echristu@shutts.com
Joseph R. Englander
Florida Bar No. 935565
jenglander@shutts.com
Daniel J. Barsky
Florida Bar No. 25713
dbarsky@shutts.com

-15-

## CERTIFICATE OF SERVICE

I hereby certify that on March __20__, 2014, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Janet T. Munn, Esq.
**Rasco Klock Reininger Perez Esquenazi Vigil & Nieto**
*Counsel for Defendants*
283 Catalonia Avenue
Suite 200
Coral Gables, Florida 33134
305-476-7101 (ph)/305-476-7102(fax)
jmunn@rascoklock.com

Darryl M. Woo, Esq. (*pro hac vice*)
Virginia K. DeMarchi, Esq. (*pro hac vice*)
Saina S. Shamilov, Esq. (*pro hac vice*)
Elizabeth J. White, Esq. (*pro hac vice*)
Justin G. Hulse, Esq. (*pro hac vice*)
**Fenwick & West LLP**
*Counsel for Defendants*
555 California Street
12th Floor
San Francisco, California 94104
415-875-2300 (ph)/415-281-1350 (fax)

          ___/s/ Daniel J. Barsky___
          Daniel J. Barsky

FTLDOCS 6468461 2 36798.0003