UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO. 12-81022-CIV-MIDDLEBROOKS/BRANNON

NET TALK.COM, INC.,

    Plaintiff,

  v.

MAGICJACK VOCALTEC LTD., MAGICJACK
LP, MAGICJACK HOLDINGS CORPORATION,
AND DANIEL BORISLOW

    Defendants.
_____/

## JOINT MOTION AND MEMORANDUM OF LAW OF THE PARTIES REQUESTING A *MARKMAN* HEARING AND TUTORIALS

Plaintiff netTalk.com, Inc. ("netTalk") and Defendants magicJack VocalTec Ltd., magicJack LP, magicJack Holdings Corporation, and Daniel Borislow (collectively the "magicJack Defendants") (netTalk and the magicJack Defendants are collectively the "Parties"), pursuant to Local Rule 7.1(b)(2) and the Court's Pretrial Order of March 3, 2014 [D.E. # 47], respectfully file this joint motion requesting a *Markman* hearing and further, for the Court to permit the Parties to present brief tutorials of half hour per side on the day of the *Markman* hearing ("Joint Motion for *Markman* hearing"). The grounds supporting this Joint Motion for *Markman* hearing motion are:

## MEMORANDUM OF LAW

As this is a patent infringement action in which the construction of several claim terms is in dispute, the Parties believe it would be beneficial to them and to the Court to conduct a *Markman* hearing, so that the Parties can provide an understanding of the Internet, Voice over IP ("VoIP")

and telephony technologies relevant to the proper construction of the claim terms at issue, more fully explain their positions in light of the same, and answer any questions that the Court may have regarding the Parties' proposed constructions, how they differ, and why they differ.

As this Court is aware, claim construction is one of the most important events in the course of a patent infringement case, because it defines the scope of the property right that the plaintiff is seeking to enforce.  To properly construe claims, the trial judge who is responsible for construing the claims needs to understand the technology at issue in order to give the correct claims constructions. "While a trial court should certainly not prejudge the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction." *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322 (Fed.Cir.2006) (citing *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed.Cir.1985)).

As reflected in the Parties' Joint Claim Construction Statement [D.E. # 65], there are ten claim terms and phrases in dispute, all of which relate to Voice over Internet Protocol ("VoIP") technology.  In support of their respective positions in the Joint Claim Construction Statement, both parties have cited extensively to the voluminous prosecution history of the patent-in-suit, including the record from the recent reexamination proceeding.  The parties have also indicated an intent to rely on expert opinions and/or fact witnesses in support of its proposed claim constructions.[1]  Given the number of claim terms and phrases in dispute, and the complexity and

---

[1] Defendants believe that any reliance on expert opinions and/or fact witnesses should be limited to written declarations and/or deposition transcript excerpts.  NetTalk does not agree that the parties should be precluded from calling live witnesses during the *Markman* hearing.

- 3 -

volume of the relevant file history and supporting evidence, the Parties believe that each side should be allotted 1.5 hours to present their respective claim construction arguments.

Additionally, because an understanding of the underlying technology is important, the Parties believe that the Court would benefit from a brief tutorial of the relevant technology prior to hearing the Parties' claim construction arguments. Accordingly, the Parties request that each side be allotted an additional 30 minutes on the day of the *Markman* hearing to present these technology tutorials. .

## **CONCLUSION**

On the basis of the foregoing, the Parties respectfully request that the Court set a date for the *Markman* hearing and tutorials on a date convenient to the Court subsequent to the July 14, 2014 completion of claim construction briefing. The Parties respectfully request that the Court set a Markman hearing on a date and time convenient to the Court's calendar on or after July 22, 2014. A proposed Order is attached as Exhibit A and a Word version of the Order will be emailed to chambers after the filing of this motion.

Dated: June 20, 2014

Respectfully submitted,

| | |
|---|---|
| */s/ Eric C. Christu* | */s/ Janet T. Munn* |
| Eric C. Christu (Fla. Bar No. 434647) | Janet T. Munn, Fla. Bar No. 501281 |
| Email:  echristu@shutts.com | Email:  jmunn@rascoklock.com |
| Joseph R. Englander (Fla. Bar No. 935565) | **Rasco Klock Perez Nieto, P.L.** |
| Daniel J. Barsky (Fla. Bar No. 25713) | 283 Catalonia Avenue, Suite 200 |
| **Shutts & Bowen LLP** | Coral Gables, FL  33134 |
| 1100 CityPlace Tower | Telephone:  305.476.7101 |
| 525 Okeechobee Boulevard | Facsimile:  305.476.7102 |
| West Palm Beach, FL  33401 | |
| Telephone:  661.650.8518 | **AND** |
| Facsimile:  561.822.5527 | |
| | */s/ Darryl M. Woo* |
| **Counsel for Plaintiff** | Darryl M. Woo* |
| **NETTALK.COM, INC.** | Email:dwoo@fenwick.com |
| | Virginia K. DeMarchi* |
| | Email:vdemarchi@fenwick.com |
| | Elizabeth J. White* |
| | Email:bwhite@fenwick.com |
| | **Fenwick & West LLP** |
| | 555 California Street, 12th Floor |
| | San Francisco, CA 94104 |
| | Ph: 415.875.2300; Fax: 415.281.1350 |
| | *\* Admitted Pro Hac Vice* |
| | |
| | **Counsel for Defendants** |
| | **MAGICJACK VOCALTEC LTD.,** |
| | **MAGICJACK LP, MAGICJACK HOLD-** |
| | **INGS CORPORATION, and DANIEL** |
| | **BORISLOW** |