UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81022-CIV-MIDDLEBROOKS/BRANNON

NETTALK.COM, INC.,

 Plaintiff,

vs.

MAGICJACK VOCALTEC LTD., *et al.*,

 Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Daniel Borislow's ("Borislow") Motion to Dismiss (DE 52) ("Motion"), filed on April 7, 2014. Plaintiff Net Talk.com, Inc. ("Plaintiff" or "NetTalk") filed a Response (DE 60) on May 1, 2014, which this Court deems timely. Borislow filed a Reply (DE 62) on May 12, 2014. I have reviewed the Motion, Response, Reply, and record in this case, and I am otherwise fully advised in the premises.

**I. Background**

Plaintiff filed the instant lawsuit on September 21, 2012, against Defendants magicJack VocalTec Ltd., magicJack LP, magicJack Holdings Corporation (the "MagicJack Defendants"), and Mr. Borislow (collectively, "Defendants"). The original Complaint (DE 1) asserted infringement of U.S. Patent No. 8,243,722 B2 (the "'722 B2 Patent"). On December 17, 2012, this Court granted Defendants' Motion to Stay pending the outcome of a then-pending *ex parte* reexamination of the '722 B2 Patent by the USPTO. Upon reexamination the USPTO rejected the '722 B2 Patent's claims, but allowed the Patent to reissue as amended.[1] On February 27,

---

[1] According to the Amended Complaint, the claims of the '722 B2 Patent were not substantively

1

2014, the USPTO issued the reexamination certificate, with the reissued Patent now listed as U.S. Patent No. 8,243,722 C1 (the "'722 C1 Patent").

On February 5, 2014, the Court reopened the case, and Plaintiff filed an Amended Complaint (DE 48) on March 20, 2014. The Amended Complaint alleges that the MagicJack Defendants infringe '722 C1 Patent by designing, making, or causing to be made, offering to sell, and selling products that embody and/or practice at least one of the claims of the '722 C1 Patent, and that have no substantial non-infringing use. (DE 48 at ¶ 7).[2] It also alleges that the MagicJack Defendants and Mr. Borislow teach consumers how to use the allegedly infringing products in a manner that infringes the '722 C1 Patent's claims.

The Amended Complaint contains only one Count for infringement; however, within that one Count, Plaintiff alleges various forms of infringement against Defendants. As to Mr. Borislow, the Amended Complaint alleges direct infringement and indirect infringement (both induced and contributory infringement). According to the Amended Complaint, Mr. Borislow "is the self-proclaimed inventor of the magicJack and magicJack PLUS devices." (DE 48 at ¶ 13). He was a corporate officer and director of at least one of the MagicJack companies until November 2013. In the instant Motion, Defendant Borislow argues that the Amended Complaint fails to state a claim that Mr. Borislow is personally liable for direct and indirect infringement.

In Response to the Motion, Plaintiff asserts that it is not seeking relief for direct patent infringement or contributory infringement at this time. Thus, to the extent the Amended Complaint asserts claims for direct and contributory infringement, such claims are due to be

---

changed, nor were any claims cancelled or added, during the reexamination proceeding. (DE 48 at ¶ 6).

[2] The technology at issue deals with "Voice over Internet Protocol" ("VoIP"). This VoIP system serves as an alternative to traditional landline-based telephones, and allows for communications over the internet. Plaintiff and the MagicJack Defendants are competitors in the VoIP market.

2

dismissed.[3] The only issue left for the Court's resolution, therefore, is whether the Amended Complaint adequately states a claim for induced infringement against Defendant Borislow.

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, this Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) [hereinafter *Twombly*]; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) [hereinafter *Iqbal*]. That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations stated therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252,

---

[3] Mr. Borislow cites to *Bloom v. Miami-Dade Cnty.*, 816 F. Supp. 2d 1265 (S.D. Fla. 2011), for the proposition that the dismissal should be with prejudice. However, *Bloom* is readily distinguishable from the situation at hand, since the defendant in *Bloom* had Eleventh Amendment immunity from suit.

1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for the purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

### III. Application

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Plaintiff alleges that "Borislow [has] been actively inducing and encouraging infringement of at least one claim of the '722 Patent." (DE 48 at ¶ 41). Further, Plaintiff alleges:

> Defendants have been and are actively inducing and encouraging that infringement by instructing their customers to use the magicJack PLUS device and/or the magicJack PLUS 2014 device in a manner that directly infringes one or more of the claims of the '722 Patent and the Reexamination Certificate, despite the defendants' actual knowledge of the '722 Patent and the Reexamination Certificate. This inducement and encouragement was and is done with the specific intent to induce or encourage infringement of at least one claim of the '722 Patent and the Reexamination Certificate, or is, at a minimum, done with willful blindness to the known risk of such infringement, by, *inter alia*, instructing users of the magsicJack [sic] PLUS device and/or the magicJack PLUS 2014 device to connect to their computers or directly to a router, modem, or other means of accessing the Internet, connecting their home phones to the device, and using the device to make and receive VoIP communications, all in violation of 35 U.S.C. § 271.

(DE 48 at ¶ 42). Specifically, the Amended Complaint alleges that Borislow and his daughter were featured in a video on the company's website promoting the magicJack PLUS device, and that Borislow "was listed as the man '[w]ho made talking on the phone so incredibly affordable[]' by 'inventing' the magicJack PLUS device, calling magicJACK the 'Telecom Revolution Part II.'" (DE 48 at ¶ 30) (alterations in original). The Complaint also alleges that Borislow personally offered the magicJack PLUS device for sale in emails sent with his signature. (DE 48 at ¶ 31).

In cases where a corporate officer is personally accused of inducing infringement by his or her company, the plaintiff must allege that "the officer [] act[ed] culpably in that the officer must [have] actively and knowingly assist[ed] with the corporation's infringement. *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed. Cir. 1996) (citing *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)). "It is an insufficient basis for personal liability that the officer had knowledge of the acts alleged to constitute infringement." *Id.* (citing *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)). Rather, "[i]t must be established that the defendant possessed specific intent to encourage another's infringement." *Manville Sales*, 917 F.2d at 553. "In sum, unless the corporate structure is a sham, as is not here asserted, personal liability for inducement to infringe is not automatic but must be supported by personal culpability." *Hoover*, 84 F.3d at 1412.

Here, Plaintiff sufficiently alleges that Defendant Borislow had knowledge of the '722 Patents on or before September 14, 2012, and that he actively participated in the allegedly infringing activities by participating in advertisements and instructions that allegedly would

result in direct infringement.[4] Thus, the Motion is due to be denied as it relates to Plaintiff's claim for induced infringement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Borislow's Motion to Dismiss (DE 52) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for direct and contributory infringement against Defendant Borislow are **DISMISSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 26th day of June, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record

---

[4] Defendant Borislow argues that he could not have possibly done the allegedly inducing acts with knowledge of the '722 C1 Patent because that patent did not issue until February 27, 2014. (*See* DE 62 at 5). However, this argument is better addressed at summary judgment, as the Court looks only to the Complaint's allegations for purposes of determining the sufficiency of the allegations.

6