**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

**CASE NO. 12-81022-CIV-GAYLES/ TURNOFF**

NET TALK.COM, INC.,

        Plaintiff,

    v.

MAGICJACK VOCALTEC LTD., MAGICJACK
LP, MAGICJACK HOLDINGS CORPORATION,
AND DANIEL BORISLOW

        Defendants.

_____/

**ANSWER TO AMENDED COMPLAINT, COUNTERCLAIMS**
**AND DEMAND FOR JURY TRIAL BY DANIEL BORISLOW**

      Defendant Daniel Borislow ("Mr. Borislow"), by his undersigned counsel, hereby

answers Plaintiff netTalk.com, Inc.'s ("netTalk") Amended Complaint ("Complaint"), following

the respectively numbered paragraphs of the Complaint, as follows:

## I.  ANSWER

### Alleged Nature of the Case

      1.    Mr. Borislow admits that Voice over Internet Protocol ("VoIP") calls are routed,

at least in part, over the Internet and, in some circumstances, these calls may cost (from a user's

perspective) less than traditional telephone calls.  Mr. Borislow denies the remaining averments

in paragraph 1 of the Complaint.

      2.    Mr. Borislow admits that Exhibit 1 to the Complaint purports to be U.S. Patent

No. 8,243,722 B2 ("the '722 patent") entitled "VoIP analog telephone system" and that netTalk

avers to be the owner of it.  Mr. Borislow lacks knowledge or information sufficient to form a

belief as to the truth of the remaining averments in paragraph 2 of the Complaint, and therefore

denies them.

3.      Mr. Borislow admits the averments in paragraph 3 of the Complaint.

4.      Mr. Borislow admits that the *Ex Parte* Reexamination proceeding regarding the '722 patent was initiated on behalf of Mr. Borislow; at least some of the papers and correspondence filed during the *Ex Parte* Reexamination were received by Mr. Borislow or his counsel.  Mr. Borislow denies the remaining averments of paragraph 4 of the Complaint.

5.      Mr. Borislow admits that the USPTO issued a Reexamination Certificate for the '722 patent on February 27, 2014, No. 8,243,722 C1, and that Exhibit 2 to the Complaint purports to be that Reexamination Certificate.  Mr. Borislow lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5 of the Complaint, and therefore denies them.

6.      Mr. Borislow denies the averments of Paragraph 6 of the Complaint, and avers that the Patent Office file history of the '722 patent speaks for itself.

7.      Mr. Borislow is not required to answer the averments in paragraph 7 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  Some of the averments of paragraph 7 of the Complaint appear to relate to defendants magicJack Vocaltec LTD., magicJack LP, and magicJack Holdings Corporation ("the magicJack Defendants") and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the remaining averments of paragraph 7 of the Complaint.

8.      Mr. Borislow admits that netTalk seeks to enforce its alleged rights in the '722 patent and that it claims to seek compensation.  Mr. Borislow is not required to answer the averments in paragraph 8 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the

Court on June 27, 2014 (Dkt. No. 68).  Mr. Borislow denies the remaining averments of paragraph 8 of the Complaint.

### The Parties

9.      Mr. Borislow lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the Complaint, and therefore denies them.

10.      Paragraph 10 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow believes that magicJack Vocaltec Ltd. has offices in Jerusalem, Israel, and in West Palm Beach, Florida and elsewhere in the U.S., and that its shares are publicly traded under the symbol "CALL."  Mr. Borislow denies the other averments in paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow believes that magicJack LP's principal place of business is in West Palm Beach, but Mr. Borislow denies that the address is 5700 Georgia Avenue.  Mr. Borislow believes the other averments in paragraph 11 of the Complaint to be true.

12.      Paragraph 12 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow believes that magicJack Holding's principal place of business is in West Palm Beach, but Mr. Borislow denies that the address is 5700 Georgia Avenue.  Mr. Borislow believes the other averments in paragraph 12 of the Complaint to be true.

13.      Mr. Borislow is not required to answer the averments in paragraph 13 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  Mr. Borislow admits that he is an individual residing in

Palm Beach, Florida and had involvement with the development, promotion and sale of magicJack™ branded devices and services by virtue of his former employment with one or more of the magicJack Defendants and/or their predecessors.  Mr. Borislow admits that at some point in the past he has been described as the inventor of the magicJack™.  Mr. Borislow admits that he had been listed as chief executive officer on www.ymaxcorp.com/management.html website, an entity that is not named in the lawsuit, but denies that he is currently chief executive officer or director of any of the magicJack defendants or their corporate affiliates.  Mr. Borislow denies the remaining averments in paragraph 13 of the Complaint.

**Jurisdiction**

14.     Mr. Borislow admits that netTalk avers that this action arises under 35 U.S.C. *et sequentes*.  Mr. Borislow denies that this action arises under any law of the State of Florida.

15.     Mr. Borislow admits that this Court has subject matter jurisdiction under 15 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  Mr. Borislow denies the existence of any federal unfair competition claims or state law claims in this action and consequently denies that this Court has subject matter jurisdiction under either 28 U.S.C. § 1338(b) or 28 U.S.C. § 1367.

16.     Paragraph 16 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow believes that magicJack VocalTec Ltd. has a place of business in West Palm Beach, Florida.  Mr. Borislow denies the remaining averments of paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow denies the averments of paragraph 17 of the Complaint.

18.     Mr. Borislow admits that he resides in Palm Beach, Florida, within the Southern District of Florida and admits that this Court has personal jurisdiction over him.

**Venue**

19.     Some of the averments of paragraph 19 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr.

Borislow is required or the averments relate to him alone, Mr. Borislow admits that venue is proper in this District.

**Alleged Background Facts**

20.     Paragraph 20 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow believes that the accused corporate entities are affiliate organizations.   Mr. Borislow denies the remaining averments of paragraph 20 of the Complaint.

21.     Mr. Borislow admits that the '722 patent bears a title "VoIP analog telephone system," lists its issue date as August 14, 2012, and identifies netTalk as assignee.  Mr. Borislow lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 21 of the Complaint, and therefore denies them.

22.     Mr. Borislow admits that the '722 patent identifies that it issued from U.S. Patent Application No. 12/366,851 filed on February 6, 2009, and published on June 4, 2009 as Publication No. US2009-0141708.  Mr. Borislow denies the remaining averments in paragraph 22 of the Complaint.

23.      Some of the averments of paragraph 23 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  To the extent that a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow admits that the *Ex Parte* Reexamination proceeding regarding the '722 patent was requested on or about September 14, 2012 on behalf of Mr. Borislow, and that the USPTO granted the request placing the '722 patent into reexamination.   Mr. Borislow admits that at least some of the papers and correspondence filed during the Ex Parte Reexamination were received by Mr. Borislow or his counsel.  Mr. Borislow denies the remaining averments in paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 24 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his mo-

tion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68). To the extent a response from Mr. Borislow is required, Mr. Borislow believes that magicJack VocalTec Ltd. has marketed and sold devices and services in the U.S. under the magicJack™ trademark. Mr. Borislow denies the remaining averments in paragraph 24 of the Complaint.

25.     Some of the averments of paragraph 25 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required. Mr. Borislow is not required to answer the averments in paragraph 25 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68). To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 25 of the Complaint.

26.     Some of the averments of paragraph 26 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required. Mr. Borislow is not required to answer the averments in paragraph 26 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68). To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow believes that magicJack VocalTec Ltd. has marketed and sold devices and services in the U.S.

under the magicJack™ trademark.  Mr. Borislow denies the remaining averments of paragraph 26 of the Complaint.

27.     Some of the averments of paragraph 27 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 27 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow believes that devices and services under the magicJack™ trademark are advertised and sold via the www.magicJack.com website.  Mr. Borislow denies the remaining averments of paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint appears to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required, Mr. Borislow denies the averments of paragraph 28 of the Complaint.

29.     Mr. Borislow is not required to answer the averments in paragraph 29 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  Mr. Borislow admits that he had involvement with the development, promotion and sale of magicJack™ branded devices and services by virtue of his former employment with one or more of the magicJack Defendants and/or their predecessors. Mr. Borislow admits that he had been described in the past as the inventor of the magicJack™.

Mr. Borislow admits that he had been listed as chief executive officer on www.ymaxcorp.com/management.html website, an entity that is not named in this lawsuit, but denies that he is currently chief executive officer or director of any of the magicJack Defendants or their corporate affiliates.  Mr. Borislow denies the remaining averments in paragraph 29 of the Complaint.

30.     Mr. Borislow is not required to answer the averments in paragraph 30 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).    Mr. Borislow admits that he, with his daughter and two dogs, had appeared in the past in a promotional video on www.magicjack.com; that at some time in the past, soccer star Mary Abigail "Abby" Wambach appeared in a promotional video on www.magicjack.com; and that Mr. Borislow was described in the past as inventor of the magicJack™ at www.magicjack.com/faq/.   Mr. Borislow denies the remaining averments of paragraph 30 of the Complaint.

31.     Mr. Borislow is not required to answer the averments in paragraph 31 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).   Mr. Borislow denies the remaining averments of paragraph 31 of the Complaint.

### Count I:  Alleged Infringement of U.S. Patent Number 8,243,722 and Reexamination Certificate

32.     Mr. Borislow incorporates by reference his responses to paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.     Mr. Borislow lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Complaint, and therefore denies them.

34.     Mr. Borislow lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint, and therefore denies them.

35.     Some of the averments of paragraph 35 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow admits that the '722 patent was asserted against him and the magicJack Defendants by this lawsuit, and that he was aware of a request for *Ex Parte* Reexamination of that patent.  Mr. Borislow denies the remaining averments of paragraph 35 of the Complaint.

36.     Some of the averments of paragraph 36 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow admits that the '722 patent was made the subject of an *Ex Parte* Reexamination by the Patent Office, as reflected in the file history of that patent, and that he was aware of the reexamination request.  Mr. Borislow denies the remaining averments of paragraph 36 of the Complaint.

37.     Some of the averments of paragraph 37 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to an-swer the averments in paragraph 37 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the ex-tent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a

response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 37 of the Complaint.

38.     Some of the averments of paragraph 38 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 38 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 38 of the Complaint.

39.     Some of the averments of paragraph 39 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 39 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 39 of the Complaint.

40.     Some of the averments of paragraph 40 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 40 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 40

of the Complaint.

41.     Some of the averments of paragraph 41 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 41 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 41 of the Complaint.

42.     Some of the averments of paragraph 42 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 42 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 42 of the Complaint.

43.     Some of the averments of paragraph 43 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 43 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 43 of the Complaint.

44.     Some of the averments of paragraph 44 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to an-

swer the averments in paragraph 44 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 44 of the Complaint.

45.     Some of the averments of paragraph 45 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 45 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 45 of the Complaint.

46.     Some of the averments of paragraph 46 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 46 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 46 of the Complaint.

47.     Some of the averments of paragraph 47 of the Complaint appear to relate to other defendants and no response from Mr. Borislow is required.  Mr. Borislow is not required to answer the averments in paragraph 47 of the Complaint to the extent they include or relate to any claim of direct or contributory infringement on the part of Mr. Borislow, as such claims were, in response to his motion to dismiss, withdrawn by netTalk (Dkt. No. 60), and formally dismissed

by the Court on June 27, 2014 (Dkt. No. 68).  To the extent a response from Mr. Borislow is required or the averments relate to him alone, Mr. Borislow denies the averments of paragraph 47 of the Complaint.

### Prayer for Relief

Mr. Borislow denies that netTalk is entitled to the relief requested or to any relief whatsoever, and specifically denies each and all of the averments and prayers for relief contained in paragraphs (1) through (7) of netTalk's prayer for relief.

### Demand for Jury Trial

48.     Mr. Borislow admits that netTalk demands a jury trial, and Mr. Borislow also demands a jury trial as to all matters so triable.

### II.  DEFENSES

In addition to the denials and averments above, and without altering the parties' relative burdens of proof, Mr. Borislow avers the following defenses.

### First Defense – Non-Infringement

49.     Mr. Borislow has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '722 patent (including its predecessor application and as reissued), either literally or under the doctrine of equivalents, or in any other manner, and Mr. Borislow is not liable for infringement of any claim of the '722 patent because, inter alia, the accused product does not embody each and every limitation of any claim of the '722 patent (including its predecessor application and as reissued).

### Second Defense – Invalidity

50.     The '722 patent (including its predecessor application and as reissued) is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including without limitation in 35 U.S.C. §§ 101, 102, 103, or 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on

sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description. For example, the claims of the '722 patent as reflected in the reexamination certificate are rendered invalid under 35 U.S.C. § 112 as indefinite and/or unsupported by written description because they contain new limitations that are not supported by the patent specification, including at least "wherein the internet connection provided by the ATA comprises a multi-port plug-in-play approach," "ATA providing plug-in-play functionality, wherein the plug-in-play functionality allows the ATA to auto-configure to operate using an independent internet access connection selected by the user," and "which connection is automatically detected without a computer connection." As another example, the claims of the '722 patent are invalid for obviousness and/or lack of novelty in light of at least the following prior art, alone or in combination: U.S. Patent Application No. 2008/0219280, "Method and apparatus for flexible FXS port utilization in a telecommunications device" filed on Jan. 25, 2008; U.S. Patent No. 7,949,335 to Stefani, et al., "Multi-modal portable communications gateway" filed on Oct. 9, 2007; U.S. Patent Application No. 2001/0047441, "Communications system conduit for transferring data" filed on Feb. 22, 2001; Universal Plug and Play Standards, ISO/IEC 29341 (series) published Dec. 2008; Plug and Play BIOS Specification version 1.0a, published May 5, 1994; Plug and Play ISA Specification version 1.0a, published May 5, 1994. As discovery has not yet begun and the Court has not yet construed any claim terms, Mr. Borislow reserves the right to rely on additional claim limitations and prior art in support of his defense of invalidity under 35 U.S.C. §§ 101, 112, 102 and 103.

### Third Defense – Limitation on Damages Under 35 U.S.C. § 287

51.     netTalk's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287, and netTalk's failure to adequately plead notice thereunder.

### Fourth Defense – Absolute Intervening Rights

52.     To the extent netTalk seeks alleged damages incurred prior to February 27, 2014, the date of issue for the reexamination certificate of the '722 patent, for alleged infringement of

any of the claims of the '722 patent (including its predecessor application and as reissued), the relief sought by netTalk is barred by at least 35 U.S.C. §§ 252, 307 and the doctrine of absolute intervening rights.  During reexamination, and as reflected in the '722 patent file history, the patent holder substantially altered the scope of the '722 patent to overcome the examiner's prior art rejections.  In doing so, the patent holder, *inter alia*, added new limitations to independent claims 1 and 3 (as well as by incorporation, to dependent claim 2), as evidenced by the Reexamination Certificate and reexamination file history, thereby substantially changing the scope of all independent and dependent claims-at-issue in the '722 patent.  The reissued claims as set forth in the reissue certificate thus differ substantially from those of the '722 patent and published application.  Under the doctrine of absolute intervening rights, Mr. Borislow is not liable for any alleged damages or infringement prior to the date that the '722 patent reexamination certificate issued on February 27, 2014.

## Fifth Defense – Equitable Intervening Rights

53.     To the extent netTalk seeks alleged damages incurred after February 27, 2014, the date of issue for the reexamination certificate of the '722 patent, and/or permanent injunctive re-lief, for alleged infringement of any of the claims of the '722 patent (including its predecessor application and as reissued), the relief sought by netTalk is barred by at least 35 U.S.C. §§ 252, 307 and the doctrine of equitable intervening rights.  During reexamination, and as reflected in the '722 patent file history, the patent holder substantially altered the scope of the '722 patent to overcome the examiner's prior art rejections.  In doing so, the patent holder, *inter alia*, added new limitations to independent claims 1 and 3 (as well as by incorporation, to dependent claim 2), as evidenced by the Reexamination Certificate and reexamination file history, thereby sub-stantially changing the scope of all independent and dependent claims-at-issue in the '722 patent.  The reissued claims as set forth in the reissue certificate thus differ substantially from those of the '722 patent and published application.  Mr. Borislow believes that the magicJack Defendants invested significant time, effort, and money into developing the accused magicJack products be-fore the issuance of the '722 patent reexamination certificate.  Under the doctrine of equitable

intervening rights, the magicJack Defendants are entitled to continue to manufacture, use, offer for sale, or sell the accused magicJack products for which they substantially prepared and invested in prior to the issuance of the reexamination certificate on February 27, 2014.  Any potential claim against Mr. Borislow arising from such activities by the magicJack Defendants is therefore barred.

**Sixth Defense - No Willfulness**

54.      netTalk is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts, and cannot set forth facts, that Mr. Borislow acted despite an objectively high likelihood that their actions constituted infringement of the '722 patent (including its predecessor application and as reissued), that the '722 patent is valid, and the objectively high risk was known or so obvious it should have been known to Mr. Borislow as required by *In Re Seagate Tech.*, 497 F.3d 1360 (Fed Cir. 2007) which is a prerequisite for both a finding of willfulness and an award of enhanced damages.

**Seventh Defense – Costs Barred in Action for Infringement of Invalid Claim**

55.      netTalk's claim for recovery of costs is barred for failure to comply with the requirements of 35 U.S.C. § 288 regarding its invalid claims.

**Eighth Defense – No Recovery for Damages Allegedly Incurred Based on Provisional or Published Patent Application**

56.      Mr. Borislow incorporates by reference the allegations of his Fourth and Fifth Defenses above.  The claims of the '722 patent and reissue certificate are not substantially identical to the claims of the provisional or published applications for said patent and reissue certificate.  netTalk's claims for recovery of damages based on the alleged violation of any right afforded by any provisional or published application, including without limitation claims for damages allegedly incurred between June 4, 2009 and August 14, 2012, and between June 4, 2009 and February 27, 2014, are therefore barred, *inter alia*, under 35 U.S.C. §154(d).

**Ninth Defense – Failure to State a Claim due, in part, to Claims Withdrawn and Dismissed, and/or Subject to Judicial and Collateral Estoppel**

57.      netTalk's claims against Mr. Borislow are barred to the extent they relate to or

arise from claims withdrawn by netTalk (Dkt. No. 60) and/or formally dismissed by the Court on June 27, 2014 (Dkt. No. 68). In response to Mr. Borislow's motion to dismiss, netTalk has represented to the Court that such claims are not at issue or implicated by the averments of the Complaint, and netTalk is estopped from changing its position before the Court. Issues underlying any alleged direct or contributory infringement by Mr. Borislow or his liability for such claims as a corporate officer have similarly been finally decided and netTalk is estopped from re-litigating them.

### Reservation of Additional Affirmative Defenses

58.    Mr. Borislow reserves the right to assert any and all additional affirmative defenses available to him under Title 35, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing or later arising, in the event discovery or other analysis indicates that additional affirmative defenses are appropriate.

### III.  COUNTERCLAIMS

In addition to his defenses, and without altering the parties' relative burdens of proof, Defendant Daniel Borislow ("Mr. Borislow"), by his undersigned counsel, hereby asserts the following counterclaims against Plaintiff netTalk.com, Inc. ("netTalk").

### The Parties

1.    Defendant and Counterclaimant Daniel Borislow is an individual residing in Palm Beach, Florida.

2.    By its own admission in paragraph 9 of the Complaint, Plaintiff and Counterdefendant netTalk is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 1080 Northwest 163rd Drive, Miami, Florida 33169.

### Jurisdiction and Venue

3.    Mr. Borislow counterclaims against netTalk pursuant to the patent laws of the United States, Title 35 of the United States Code.

CASE NO. 12-81022-CIV-GAYLES/TURNOFF

4.      This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over netTalk by virtue, *inter alia*, of its filing of a complaint against Mr. Borislow in this Court and due to its principal place of business being within the Southern District of Florida.

6.      By virtue of the averments in netTalk's Complaint in this action and Mr. Borislow's Answer and Defenses thereto, an actual controversy exists between netTalk and Mr. Borislow as to whether the '722 patent is invalid and/or not indirectly infringed through inducement by Mr. Borislow.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,243,722)

7.      Mr. Borislow incorporates by reference and re-avers paragraphs 1-6 of his Counterclaims as though fully set forth herein.

8.      By virtue of the averments in netTalk's Complaint in this action and Mr. Borislow's Answer and Defenses thereto, an actual controversy exists between netTalk and Mr. Borislow as to whether U.S. Patent No. 8,243,722 B2 (including its predecessor application and as reissued U.S. Patent No. 8,243,722 C1) ("'722 patent") is not indirectly infringed through inducement by Mr. Borislow.

9.      netTalk claims to be the owner of the '722 patent.

10.     netTalk in this action alleges infringement of the '722 patent by Mr. Borislow.

11.     Mr. Borislow is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '722 patent because his actions have not and do not constitute any infringement and specifically because his actions have not and do not constitute inducing infringement, he lacked the necessary mental state to be found an induced infringer, there are no direct infringers as the accused products do not embody each and every limitation of any claim of the '722 patent, and netTalk is entitled to no relief for any claim in the Amended Complaint for, *inter alia*, the reasons in paragraphs 1 through 57 of Mr. Borislow's Answer.

12.     Absent a declaration of non-infringement of the '722 patent, netTalk will continue to assert the '722 patent against Mr. Borislow and will in this way cause damage to Mr. Borislow.

13.     Mr. Borislow seeks a declaration that he has not infringed and does not infringe the '722 patent and that he is not otherwise liable as an infringer.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,243,722)

14.     Mr. Borislow incorporates by reference and re-avers paragraphs 1-6 of his Counterclaims as though fully set forth herein.

15.     By virtue of the averments in netTalk's Complaint in this action and Mr. Borislow's Answer and Defenses thereto, an actual controversy exists between netTalk and Mr. Borislow as to whether the '722 patent is invalid.

16.     netTalk claims to be the owner of the '722 patent.

17.     netTalk in this action alleges infringement of the '722 patent by Mr. Borislow.

18.     The '722 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description.  For example, the claims of the '722 patent as reflected in the reexamination certificate are rendered invalid under 35 U.S.C. § 112 as indefinite and/or unsupported by written description because they contain new limitations that are not supported by the patent specification, including at least "wherein the internet connection provided by the ATA comprises a multi-port plug-in-play approach," "ATA providing plug-in-

play functionality, wherein the plug-in-play functionality allows the ATA to auto-configure to operate using an independent internet access connection selected by the user," and "which connection is automatically detected without a computer connection." As another example, the claims of the '722 patent are invalid under 35 U.S.C. § 102 and/or § 103 in light of at least the following prior art, alone or in combination: U.S. Patent Application No. 2008/0219280, "Method and apparatus for flexible FXS port utilization in a telecommunications device" filed on Jan. 25, 2008; U.S. Patent No. 7,949,335 to Stefani, et al., "Multi-modal portable communications gateway" filed on Oct. 9, 2007; U.S. Patent Application No. 2001/0047441, "Communications system conduit for transferring data" filed on Feb. 22, 2001; Universal Plug and Play Standards, ISO/IEC 29341 (series) published Dec. 2008; Plug and Play BIOS Specification version 1.0a, published May 5, 1994; Plug and Play ISA Specification version 1.0a, published May 5, 1994. As discovery has not yet begun and the Court has not yet construed any claim terms, Mr. Borislow reserves the right to rely on additional claim limitations and prior art in support of his counterclaim of invalidity under 35 U.S.C. §§ 101, 112, 102 and 103.

19. Absent a declaration of invalidity of the '722 patent, netTalk will continue to assert the '722 patent against Mr. Borislow and will in this way cause damage to Mr. Borislow.

20. Mr. Borislow seeks a declaration that the claims of the '722 patent are invalid.

### Prayer for Relief

WHEREFORE, Mr. Borislow prays for the following relief with respect to netTalk's Complaint, Mr. Borislow's Defenses and the above Counterclaims:

1. Dismissal of netTalk's Complaint with prejudice and denial of the relief requested by netTalk and any relief whatsoever in favor of netTalk;

2. Entry of a judgment declaring that the claims of the '722 patent are not infringed in any way by Mr. Borislow and that Mr. Borislow is not liable for any infringement of the '722 patent;

3. Entry of a judgment declaring that the '722 patent is invalid;

CASE NO. 12-81022-CIV-GAYLES/TURNOFF

4.     Declaration that the case is exceptional within the meaning of 35 U.S.C. § 285 as against netTalk, and an award of attorneys' fees and costs to Mr. Borislow;

5.     An award of all costs to Mr. Borislow under 28 U.S.C. § 1920 or any other applicable statute or rule; and

6.     Any and all further relief to which Mr. Borislow may be entitled and the Court deems just and proper.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Borislow hereby demands a trial by jury of all issues from this Answer and Counterclaims triable of right by a jury.

21

CASE NO. 12-81022-CIV-GAYLES/TURNOFF

Dated:   July 11, 2014                          Respectfully submitted,


                                                s/ *Janet T. Munn*
                                                Janet T. Munn, Fla. Bar No. 501281
                                                Email: jmunn@rascoklock.com
                                                RASCO KLOCK PEREZ NIETO
                                                283 Catalonia Avenue, Suite 200
                                                Coral Gables, FL 33134
                                                Ph: 305.476.7101; Fax: 305.476.7102


                                                **AND**

                                                s/ *Darryl M. Woo*
                                                Darryl M. Woo*
                                                Email: dwoo@fenwick.com
                                                Virginia K. DeMarchi*
                                                Email: vdemarchi@fenwick.com
                                                Elizabeth J. White*
                                                Email: bwhite@fenwick.com
                                                **FENWICK & WEST LLP**
                                                555 California Street, 12th Floor
                                                San Francisco, CA  94104
                                                Ph: 415.875.2300; Fax: 415.281.1350
                                                *  *Admitted Pro Hac Vice*


                                                **Attorneys for Defendants**
                                                MAGICJACK VOCALTEC LTD,
                                                MAGICJACK LP, and MAGICJACK CORPO-
                                                RATION f/k/a YMAX HOLDINGS CORPO-
                                                RATION

CASE NO. 12-81022-CIV-GAYLES/TURNOFF

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 11, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Joseph R. Englander, Esq.
Email: jenglander@shutts.com
Shutts & Bowen LLP
200 East Broward Blvd.
Suite 2100
Fort Lauderdale, FL 33301
Phone: 954.524.5505
Fax: 954.524.5506

Daniel Joseph Barsky, Esq.
Email: dbarsky@shutts.com
Shutts & Bowen LLP
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Phone: 561.650.8518
Fax: 561.822.5527

John E. Johnson, Esq.
Email: jjohnson@shutts.com
Shutts & Bowen LLP
4301 West Boy Scout Boulevard
Suite 300
Tampa, Florida 33607
Phone: 813.229.8900
Fax: 813.229.8901

By: <u>s/ *Janet T. Munn*</u>
       Janet T. Munn

23