**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-81022-CIV-GAYLES/TURNOFF**

NET TALK.COM, INC.,

        Plaintiff,

   v.

MAGICJACK VOCALTEC LTD., MAGICJACK
LP, MAGICJACK HOLDINGS CORPORATION,
AND DANIEL BORISLOW

        Defendants.

_____/

**<u>STIPULATED PROTECTIVE ORDER</u>**

**THIS CAUSE** came before the Court on the Joint Motion for Entry of Stipulated Protective Order ("Joint Motion for Entry of Stipulated Protective  Order"), filed by Plaintiff NetTalk.com, Inc. ("NetTalk.com") and defendants magicJack Vocaltec Ltd.,  magicJack LP, and magicJack Holdings Corporation[1] (the "magicJack defendants") (together referred to as the "Parties").  The Court has considered the Joint  Motion for Entry of Stipulated Protective Order, being otherwise duly advised herein, and good cause appearing, it is  hereby

**ORDERED AND ADJUDGED** that the Joint Motion for Entry of Stipulated Protective Order, be and the same, is hereby Granted as follows:

---

[1]Until the establishment of the estate of Mr. Daniel Borislow, recently deceased, the undersigned attorneys representing the defendants will only be filing on behalf of the three named corporate defendants.

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket  protections on all disclosures or responses to discovery and that the protection it affords from  public disclosure and use extends only to the limited information or items that are entitled to  confidential treatment under the applicable legal principles.  The parties further acknowledge, as  set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Local Rule 5.4 sets forth the procedures that must be  followed and the standards that will be applied when a party seeks permission from the court to  file material under seal.  However, a party may cite to this Stipulated Protective Order as a basis upon which to seek to file under seal pursuant to S.D.Fla. L.R. 5.4.

2.      **DEFINITIONS**

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFI-DENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE".

2.3      Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, tes-

timony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

     2.4    Expert or consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.[2]

     2.5    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

     2.6    Outside Counsel of Record: attorneys who are not employees of a Party, or presently anticipated to become employees of a party, but are retained to represent or advise a Party and have entered an appearance in this action on behalf of that Party, and all employees of a law firm which has entered an appearance on behalf of a Party.

     2.7    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

     2.8    Producing Party: a Party or Non-Party that produces Discovery Material in this action.

     2.9    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

---

[2] The parties agree to enforce this phrase in good faith and that they will not rely on this phrase to unreasonably impede other parties' attempts to retain expert consultants in this litigation.

2.10    Protected Material:  any Discovery Material that is designated as "CONFI-DENTIAL," as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."

2.11    Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.12    Source Code: computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module that the Producing Party believes in good faith is not generally known to others and has competitive value such that unrestricted disclosure to others would harm the Producing Party, and which the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, transcripts, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that do or might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure by the Producing Party, or obtained by the Receiving Party after the disclosure

from a source who obtained the information lawfully, without violating this Stipulated Protective Order, and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2      Confidentiality Designation Categories. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: (1) "CONFIDENTIAL"; (2)

"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"; and (3) "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."

    (a)   <u>Confidential Designation</u>. A Producing Party may designate discovery material "CONFIDENTIAL" if the Producing Party has a good faith belief that the discovery material constitutes or contains confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

    (b)   <u>Highly Confidential — Attorneys' Eyes Only Designation</u>. A Producing Party may designate discovery material "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" if the Producing Party has a good faith belief that the discovery material constitutes or contains proprietary financial or technical data, commercially sensitive competitive information or trade secrets, including, but not limited to: nonpublic technical information, including schematic diagrams, technical reference manuals, and operations manuals, damages-related information (e.g., sale volumes, revenues, profitability), licenses and licensing documentation, strategic plans; and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

    (c)   <u>Highly Confidential—Attorneys' Eyes Only—Source Code Designation</u>. A Producing Party may designate  discovery material "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" if the Producing Party has a good faith belief that the discovery material is in the form of computer Source Code that the Producing Party believes in good faith is so commercially sensitive or confidential

that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" would not provide adequate protection to the interest of the Producing Party.

5.3     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may have up to 10 court days from receipt of the final transcript from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 10 court days from receipt of the final transcript from the court reporter shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify,

at the deposition or up to 10 court days after receipt of the final transcript from the court reporter, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Parties shall give all other Parties and Designating Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that such other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Any transcript that is prepared before the expiration of the 10 court day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to immediately mount a challenge after the original designation is disclosed, but shall promptly mount its challenge once the Party reasonably believes that the designation is improper and is impeding the Receiving Party's ability to effectively prosecute, defend, or attempt to settle this action.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give

the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the confidentiality designation under Local Rule 7.1 (and in compliance with Local Rule 5.4, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  All such motions shall adhere to the pre-filing conference requirements under Local Rule 7.1.  Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the objections to the confidentiality designation for each challenged designation.

In any such challenge, the burden of showing that a confidentiality designation is appropriate shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who will maintain the confidentiality of the designated material;

(b)      the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably required to supervise, manage, or participate in this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      experts and consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, mock jurors (mock jurors may not retain any Protected Material), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(g)      the author or recipient of a document containing the protected information or a custodian or other person who otherwise possessed or knew the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who will maintain the confidentiality of the designated material, a Receiving Party's in-house general counsel and/or a Receiving

Party's outside counsel functioning in effect as in-house general counsel for the Receiving Party;

(b)     experts and consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, mock jurors (mock jurors may not retain any Protected Material), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who will maintain the confidentiality of the designated material;

(b)      experts and consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the court and its personnel;

(d)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5    Any person who reviews or otherwise learns the contents of technical information produced in this case and properly designated as "HIGHLY CONFIDEN-TIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – ATTOR-NEYS' EYES ONLY – SOURCE CODE" shall not participate, directly or indirectly, on behalf of any party (other than on behalf of the Party who produced the items or infor-mation at issue), in the prosecution of any patent claims that cover the subject matter dis-closed in the patents-in-suit, including without limitation any patent or application claim-ing priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For pur-poses of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims, including during initial exam-ination, reexamination, re-issue, post grant review, or otherwise presenting claims for ob-taining patent protection to a foreign or domestic patent agency.  This prohibition shall extend from the time of receipt of such items or information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the Party or Parties whose items or information was re-ceived or reviewed.  This paragraph does not apply to the act of a receiving party filing a

request for reexamination or post grant review of an adverse party's patent with the United States Patent and Trademark Office.

7.6     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" pursuant to Section 7.3  and 7.4 first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies each person or entity from whom the Expert has received compensation or  funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, and (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony,  including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 days of delivering the request, the Party receives a

written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule 7.1 (and in compliance with Local Rule 5.4, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.    SOURCE CODE

8.1     Any Source Code that a Producing Party produces shall, at the Producing Party's discretion, be produced directly to Outside Counsel for the Receiving Party pursu-

ant to Section 8.2 below, or alternatively made available for inspection pursuant to Section 8.3 below, unless otherwise mutually agreed to by the Parties.

      8.2   <u>Production of Source Code in Electronic Form to Outside Counsel for the Receiving Party</u>.  A Party may elect to produce Source Code in electronic rather than hard copy form to Outside Counsel for the Receiving Party, who shall maintain and store such Source Code at Outside Counsel's offices in a manner that prevents unauthorized access to the Source Code, including, without limitation, the following minimum safeguards:

      (a)   Any external media (e.g., hard drives, DVDs) containing Source Code must be conspicuously marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE".  The external media must only be accessed on a standalone computer and must be disconnected from and/or removed from the standalone computer and stored in a locked safe or cabinet when it is not actually being used to view the Source Code contained therein;

      (b)   The standalone computer and the safe or storage cabinet must be kept in a locked and secure room with access to such room permitted only via a key (or card) system;

      (c)   The stand alone computer and/or external media used to store the Source Code shall be password protected, and the receiving Party shall maintain and use PGP encryption software to protect the Source Code when said Source Code is not being accessed;

      (d)   No electronic copies of Source Code, other than volatile copies necessarily made in the course of loading and accessing the Source Code on the standalone computer, shall be made;

(e)     No hard copies of Source Code shall be made, except solely in connection with the preparation of exhibits for expert reports or pleadings.  Any such copies of the portions of the Source Code shall be conspicuously marked "HIGHLY CON-FIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE", and any reports, pleadings or other materials incorporating, attaching or otherwise referencing the same filed with the Court, shall be filed under seal;

(f)     If Outside Counsel for the Receiving Party desires to store and access hard copies or electronic copies of Source Code in a secure facility at a location other than its own offices, such counsel shall propose in writing to Outside Counsel for the Producing Party the precise location of the alternative proposed secure facility.  Source Code shall not be located in such new facility unless and until approved in writing by Outside Counsel for the Producing Party.

8.3     <u>Location and Format for Inspection of Source Code</u>.  A Producing Party may alternatively make any Source Code produced in this case, including any Hardware Description Language (HDL) Source Code files describing the hardware design of any ASIC or other chips, descriptions of the operation of the Source Code, object code listings and descriptions of the operation of object code, or similarly sensitive code, available in a computer searchable, electronic format on "standalone" computers (that is, not connected to a network, Internet or peripheral device except that the stand-alone computers will be connected to a printer or printers) at the offices of its outside counsel.

(a)     <u>Time of Availability of Source Code for Inspection</u>. The Producing Party shall make the Source Code available for inspection by a Receiving Party during regular business hours between 9:00 a.m. and 6:00 p.m. on five (5) business days ad-

vanced notice. A Receiving Party may request access to Source Code on weekends or at times during a business day other than the hour period provided above, and the Producing Party shall not unreasonably withhold permission to do so. The Receiving Party shall make its best efforts to restrict its requests for access to normal business hours.

(b)  <u>Viewing and Searching Tools</u>. The Producing Party shall install tools that are sufficient for viewing and searching the produced Source Code  The Receiving Party's Outside Counsel may request that commercially available software tools for viewing and searching Confidential Source Code or Restricted Material be installed on the Source Code Computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Confidential Source Code or Restricted Material and are in compliance with all of the terms, conditions and protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the Source Code Computer.

(c)  <u>Printing Paper Copies of Source Code</u>. The Producing Party shall allow printing of paper copies of Source Code at the time of inspection by the Receiving Party in accordance with the following provisions:

1.  The Producing Party shall make available a printer, toner and paper to allow printouts to be made from the Source Code. The Receiving Party shall only print those portions of the code reasonably necessary to a case preparation activity. The Receiving Party may not print any Source Code for review later; all source code review must take place in at the secure facility where Source Code is made available for inspec-

tion.  The Receiving Party shall not print any continuous block of Source Code that results in more than 50 printed pages. If necessary, the Receiving Party may request to print continuous blocks that exceed 50 pages, which request the Producing Party shall not unreasonably deny.

2.      To the extent reasonably practicable, the Receiving Party shall include on each printed page an identification of the file name, file path, and any other identifying information necessary to identify each portion of code printed; otherwise, the Receiving Party shall keep a log that correlates each page printed with such identifying information.

3.      At the conclusion of each day of the inspection session conducted by the Receiving Party, the Producing Party shall collect the pages printed by the Receiving Party. The Producing Party shall thereafter Bates number, copy, and label "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" any pages printed by the Receiving Party. The Producing Party shall use commercially reasonable efforts to provide one (1) copy set of such pages to the Receiving Party within 48 hours of completion of each day of the inspection session and shall retain one (1) copy set. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(d)      Identification of Persons Inspecting or Viewing Source Code.  A Receiving Party seeking to inspect a Producing Party's Source Code shall identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection in conjunction with any written request to inspect Source Code or Restricted Material and no less than 24 hours in advance of any such inspection.

Such identification shall be in addition to any disclosure required pursuant to any other provision in this Protective Order. All persons viewing Source Code shall, on each day they view Source Code, sign a log that identify their names, when they first entered and finally departed the Secure facility on a given day. The Producing Party shall be entitled to receive a copy of the log.

(e)     No storage devices or recordable media (including, but not limited to, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, or hard drives) will be permitted inside the Secure Facility where inspection of the Source Code will occur.

(f)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection of Source Code is done under this Protective Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

(g)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Secure Facility including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any Source Code in any way from the Secure Facility.

(h)     <u>Copies of Printed Source Code Pages.</u> The Receiving Party's Outside Counsel may make no more than four (4) paper copies of any page of the Source Code received from a Producing Party following inspection under Section 5(b)(iii)(c)

above, not including copies attached to Court filings or used at depositions. To the extent the Receiving Party seeks to make additional paper copies of a particular Producing Party's Source Code, the Parties shall meet and confer in good faith. Electronic copies of Source Code may not be made without prior written consent of the Producing Party, except to the extent necessary to e-file a document with the Court.  In no event may copies of Source Code be scanned using optical character recognition ("OCR") or similar technology.

8.4    Notes.   The Receiving Party's Outside Counsel and retained experts or consultants shall be entitled to take notes relating to the Source Code. The Receiving Party's Outside Counsel and retained experts or consultants shall maintain any such notes in a secure location when the Source Code is not being reviewed by an authorized person.

8.5    Paper Copies of Source Code to be Secured.   The Receiving Party's Outside Counsel and retained experts or consultants must maintain any paper copies of and notes relating to the Source Code in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, including, without limitation, storing the Source Code or notes in a locked room or cabinet at all times when it is not in use. Any paper copies of such Source Code or notes related to such Source Code shall be designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."  Notwithstanding the foregoing, attorneys and experts and consultants may make and retain copies of paper copies of the Source Code produced by the Producing Party for use as exhibits in court proceedings and at depositions.

8.6    Deposition Exhibits Containing Source Code.   The Parties shall not provide the court reporter with copies of Source Code that are marked as deposition exhibits

to the Court Reporter and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

8.7     <u>Quoting Source Code in Court Documents</u>.  A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents (hereinafter a "Source Code Document").  To the extent portions of Source Code are quoted or otherwise disclosed in a Source Code Document, either (1) the entire document will be stamped "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" or (2) those pages containing quoted source code will be separately bound, and stamped as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE." All Source Code Documents shall be filed under seal, according to the provisions of this Protective Order, such that Source Code is redacted in any publicly available document or filing.  A Receiving Party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

8.8     <u>Miscellaneous</u>.

(a)     The Producing Party may not configure its Confidential Source Code or Restricted Material in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Confidential Source Code or Restricted Material or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.).

(b)     Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(c)     All cumulative paper or electronic copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition).

(d)     Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

(e)     A Party's agreement to the entry of this Protective Order shall not be deemed an admission that the Party must produce Source Code in this lawsuit.

## 9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless ordered by a court.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court, unless otherwise ordered by a court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and to return all unauthorized copies of the Protected Material.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1    Inadvertent (i.e., unintentional) production of documents subject to the work product doctrine, the attorney-client privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the protection or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production. After notification is received, the Receiving Party shall immediately return to the Designating Party all copies of such inadvertently produced documents and shall immediately confirm in writing that all such copies have been returned.

Nothing herein shall prevent the Receiving Party from challenging the  propriety of the privilege or protection claimed by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or protection  claimed on the grounds that the privilege or protection was waived by production of the  documents.  If no such challenge is brought, or if any such challenge is unsuccessful, no use shall  be made of such documents during deposition or in any proceeding before the Court, nor shall  they be shown to anyone who was not given access to them prior to the request to return such  documents.  Furthermore, if no such challenge is brought, or if any such challenge is  unsuccessful, the Receiving Party shall promptly confirm in  writing that any analyses,  memoranda or notes which were internally generated based upon such inadvertently produced  information have been destroyed.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4.  Pursuant to Local Rule 5.4(c), a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, contains confidential proprietary business information or otherwise is entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 5.4 is denied by the court, and if the Receiving Party wishes to file the Protected Material publicly, the Receiving Party must comply with the procedures for challenging the designation of Protected Material described in Section 6, unless otherwise instructed by the court.

## 14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Re-

ceiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge Turnoff
        All Counsel of Record

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Florida on _____ [date] in the case of *netTalk.com v. magicJack VocalTec Ltd. et al.*, Case No. 12-81022-CIV-GAYLES/TURNOFF.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Florida agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____