UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-81022-CIV-GAYLES/TURNOFF

NET TALK.COM, INC.,

    Plaintiff,

vs.

MAGICJACK VOCALTEC LTD.,
MAGICJACK LP, MAGICJACK
HOLDINGS CORPORATION, and
MICHELLE BORISLOW, personal
Representative of the Estate of Daniel
Borislow,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants' Motion for Attorney's Fees pursuant to 35 U.S.C. § 285 [ECF No. 166] and Defendants' Bill of Costs [ECF No. 160]. Both matters were referred to Magistrate William J. Turnoff for a report and recommendation. Following a hearing on August 18, 2015, Judge Turnoff issued a Report and Recommendation ("Report") [ECF No. 183], recommending that the Court deny Defendants' Motion for Attorney's Fees and grant in part and deny in part Defendants' Bill of Costs. On December 4, 2015, Defendants filed their Objections to the Report and Recommendation ("Objections) [ECF No. 184], objecting only to Judge Turnoff's recommendation on the Motion for Attorney's Fees.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed R. Civ. P. 72(b)(3). If no party timely objects, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation

1

omitted). The Court has carefully reviewed the written submissions, the record, and the applicable law and, for the following reasons, the Objections are overruled.

## Attorney's Fees

The Patent Act permits courts to award reasonable attorney's fees in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749 (2014), the Supreme Court announced a new and more lenient standard for determining when a patent case is considered exceptional. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Courts determine whether a case is exceptional "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

The Court, in its discretion, does not find that this is an exceptional case. Plaintiff's claims were not frivolous or objectively unreasonable. *Id.* at 1756 n. 6 (listing nonexclusive list of factors that courts may consider in determining whether to award fees including "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'") (citation omitted). In addition, Plaintiff's conduct during the litigation was not objectively unreasonable. As a result, Defendant is not entitled to fees under the Patent Act.

## Costs

Judge Turnoff recommended an award of $14,063.78 in costs. Defendant does not object to the recommended award. *See* [ECF No. 184 at n.1]. Upon a review of the record, the Court finds no clear error in Judge Turnoff's recommendation regarding costs.

## **CONCLUSION**

The Court has reviewed the Report, the record, and the applicable law.  In light of that review, the Court agrees with the analysis, recommendations, and conclusions stated in the Report.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 183]** is **AFFIRMED AND ADOPTED**.  Defendants' Motion for Attorney's Fees pursuant to 35 U.S.C. § 285 [ECF No. 166] is **DENIED.**  Defendants' Bill of Costs [ECF No. 160] is **GRANTED IN PART AND DENIED IN PART**.  Defendants shall recover $14,063.78 in costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
       All Counsel of Record